**FRONTIER SALOON, INC., Appellant,**

v.

**ALCOHOLIC BEVERAGE CONTROL BOARD, Appellee.**

No. 1984.

Supreme Court of Alaska.

July 15, 1974.

---

A. Fred Miller, Ketchikan, for appellant.

John R. Messenger, Asst. Atty. Gen., Juneau, Timothy G. Middleton, Asst. Atty. Gen., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, J.

## OPINION

CONNOR, Justice.

The procedure before the Alcoholic Beverage Control Board is the subject of this appeal. The question is whether in suspending an alcoholic beverage dispensary license the holder of that license was afforded due process of law, as required by the state and federal constitutions.

On January 23, 1973, Frontier Saloon, Inc., pleaded guilty in the district court at Ketchikan to a charge of allowing a minor on the premises, in violation of AS 04.15.-020(d). The district court sent notice of the conviction to the Board as required by AS 04.15.100(b), and recommended that Frontier's beverage dispensary license be suspended for a period of ten days.[1] At its meeting on February 19, 1973, a majority of the Board voted to impose a ten-day closure on Frontier Saloon. Frontier had no notice of the proposed action at the meeting, and did not appear there.

On March 19, 1973, Frontier filed a complaint against the Board, asking for a temporary restraining order and an injunction against further enforcement of the ten-day closure order. Frontier obtained the restraining order, which continued in effect until May 2, 1973, when the Board's motion to dismiss was granted. The superior court held that Frontier was not entitled to notice and an opportunity to be heard by the Board in connection with the suspension of its beverage dispensary license because (1) AS 04.15.100 does not require that a licensee be given notice of a Board meeting or an opportunity to be heard, and (2) the gurarantee of due process of law is not violated by this procedure since there was a district court hearing on the criminal charge. This, reasoned the court, made a further hearing before the Board unnecessary. This decision led to the present appeal.

The main issue presented for review is whether a hearing before the Board is necessary before a license can be suspended. More specifically, appellant argues that although AS 44.62.330(d)[2] provides that the Alaska Administrative Procedure Act does not apply to the disciplinary procedures of the Board, this does not mean that some type of hearing should not be had or is forbidden. Furthermore, AS 04.-15.100(b) does not mandate the suspension of a license upon notice of conviction.

---

1. AS 04.15.100 states in pertinent part:
"Penalties for violation of title or municipal ordinance. (a) A person who violates any provision of this title . . . is guilty of a misdemeanor, and upon conviction is punishable by imprisonment of not more than one year, or by a fine of not more than $500. . . .

(b) Upon conviction of a licensee for a violation under (a) of this section, . . . the judge having jurisdiction shall send a notification of conviction together with a certified copy of the record of conviction to the board. The board may, upon direction of a majority of its members, thereupon suspend the license as hereinafter pro-

vided for the first and second violations and upon a third violation may revoke the license . . .
(1) First Violation. The license of the premises involved may be suspended for not less than 10 nor more than 45 days; . . . ."

2. AS 44.62.330(d) provides in part:
"Except in a case of reinstatement or reduction of penalty, the provisions of this chapter do not affect statutory provisions concerning . . . (3) penalty provisions relating to suspension, revocation, reissuance, and other similar matters of licenses, permits, leases, concessions, and other similar matters; . . . ."

Disciplinary action is not automatic. It is discretionary with the Board. Therefore, appellant urges that the due process provisions of the state and federal constitutions require notice and an opportunity to be heard since an important interest of appellant's can be adversely affected.

It is conceded that under the above cited provisions of the Alaska Administrative Procedure Act a hearing is not required, although it .would be permissible if the Board chose to grant it. The question is whether as a matter of constitutional law a hearing must be given to the appellant.

■ Due process of law requires that before valuable property rights can be taken directly or infringed upon by governmental action, there must be notice and an opportunity to be heard. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972); Bell v. Burson, 402 U. S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). As Mr. Justice Frankfurter wrote in his concurring opinion in Joint Anti-Fascist Refugee Com. v. McGrath, 341 U.S. 123, 168, 71 S.Ct. 624, 647, 95 L.Ed. 817 (1951), "the right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society."

■ In each case in which a deprivation of property without due process is claimed, we must consider whether there is a "deprivation of an individual interest of sufficient importance to warrant constitutional protection." Nichols v. Eckert, 504 P.2d 1359, 1362 (Alaska 1973) (footnote omitted). In considering whether the individual interest involved in this case is important enough to be protected by the Constitution, we are guided by a number of decisions which have broadly interpreted the "property" which is to be protected by due process. In recent cases, the Supreme Court has held that an individual's interest in receiving welfare benefits, Goldberg v. Kelly, *supra,* and in keeping a motor vehicle driver's license, Bell v. Burson, *supra,* are protected by the due process clause of the fourteenth amendment. Both the United States Supreme Court and this court have held that an individual's interest in public employment, Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Nichols v. Eckert, *supra;* in using property which an interested party seeks to seize prior to judgment without a hearing, Sniadach v. Family Finance Corp., 395 U. S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349; Fuentes v. Shevin, *supra;* Etheredge v. Bradley, 502 P.2d 146 (Alaska 1972);[3] in having access to courts to litigate a claim, Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780, 28 L.Ed.2d 113 (1971); Bush v. Reid, 516 P.2d 1215, (Alaska 1973); and in not having his parole revoked, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Wortham v. State, 519 P.2d 797 (Alaska 1974), are property interests entitled to the protection of due process.

■ It has long been recognized that an interest in a lawful business is a species of property entitled to the protection of due process. Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 123, 46 S.Ct. 215, 70 L.Ed. 494 (1926); Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Willner v. Committee on Character and Fitness, 373 U.S. 96, 102, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); Slochower v. Board of Higher Education, 350 U.S. 551, 555, 76 S.Ct. 637, 100 L.Ed. 692 (1956); Wieman v. Updegraff, *supra.* This interest may not be viewed as merely a privilege subject to withdrawal or denial at the whim of the state, Hornsby v. Allen, 326 F.2d 605 (5th

3. *But see* Mitchell v. W. T. Grant Co., —— U.S. ——, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

Cir. 1964).[4] Neither may this interest be dismissed as *de minimis*. A license to engage in a business enterprise is of considerable value to one who holds it. There can be no question in this case that a suspension of appellant's liquor license would represent a potential economic loss to its business. *See,* Misurelli v. City of Racine, 346 F.Supp. 43, 48 (E.D.Wis.1972).

■ The state argues that a hearing before the Board was unnecessary because due process requirements were met through the judicial determination of guilt in the criminal proceeding brought against appellant. It is argued, in effect, that appellant had its day in court when it pleaded guilty to the offense. Thus, no further adjudicative determination is necessary. This argument overlooks, however, the different character of the criminal proceeding and the administrative proceeding.

The penalty imposed by the Board is not automatic. The use of the word "may" rather that the directive "shall" in AS 04.-15.100(b), indicates a discretionary power, Alaska Alcoholic Beverage Control Board v. Malcolm, Inc., 391 P.2d 441 (Alaska 1964). In addition, the reference to "upon the direction of the majority of its members" clearly contemplates a vote, which would be a hollow gesture if the suspension authority were not discretionary. The choice of the duration of the penalty by the Board creates a further area of discretion.

■ The Board may not exercise this discretion by imposing a penalty solely on the basis of a determination in a prior proceeding in which the question of this additional penalty was not before the court. The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and this court

in Bush v. Reid, *supra,* have both refused to permit the outcome in one proceeding to result in the subsequent deprivation of rights that were not litigated or subject to deprivation in the prior proceeding.

Because the Board employs discretion, the only way in which appellant can seek to invoke that discretion in its favor is through a hearing. A hearing would permit the owner of the business to present arguments in mitigation of the penalty to be assessed, and would assure that the Board's action was not taken solely on the basis of *ex parte* communications to it. Without such a hearing, the Board's discretion would be employed without the enlightenment that might be achieved through a consideration of the arguments of both parties to the issue.

The state contends that the regulation of alcohol is unique and may justify a different treatment than is afforded to other activities, citing Boehl v. Sabre Jet Room, Inc., 349 P.2d 585 (Alaska 1960), and California v. La Rue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). The *Boehl* case is distinguishable in that the question presented was whether the Alcoholic Beverage Control Board exceeded the authority delegated to it by the legislature. The case at bar concerns the propriety of the Board's action in its adjudicative rather than its quasi-legislative capacity. Similarly in California v. La Rue the question was not whether an individual had been denied notice and an opportunity to be heard, but rather whether the Board was acting within the authority granted to it by the legislature in promulgating certain regulations. Mr. Justice Rehnquist, the author of that opinion, was careful to note that the twenty-first amendment, upon which the holding was grounded, does not supersede the

---

4. The Supreme Court has repeatedly refused to recognize a distinction between privileges and rights in determining the applicability of due process. *See e. g.,* Goldberg v. Kelly, *supra,* 397 U.S. at 262, 90 S.Ct. 1011; Shapiro v. Thompson, 394 U.S. 618, 627 n.

1, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Goldsmith v. United States Board of Tax Appeals, *supra;* Sherbert v. Verner, 374 U. S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); Slochower v. Board of Higher Education, *supra.*

fourteenth amendment in the area of liquor regulations, citing Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed. 2d 515 (1971). The latter case held that the due process requirements of notice and opportunity to be heard applied to a Wisconsin statute which provided for the public posting of the names of persons who had engaged in excessive drinking. *See also,* Hornsby v. Allen, *supra.*

■ Absent an emergency situation in which the public health, safety or welfare require summary action, which this case does not present, we conclude that the due process clause of the United States Constitution requires that adequate notice and a meaningful opportunity to be heard must be afforded to liquor licensees before their licenses can be suspended. We reach the same result under our own due process clause Article I, Section 7, of the Alaska Constitution. Bush v. Reid, *supra;* Baker v. City of Fairbanks, 471 P.2d 386, 401–402 (Alaska 1970); R.L.R. v. State, 487 P.2d 27 (Alaska 1971).[5]

■ We take this opportunity to state that the hearing required need not be an elaborate one. The Supreme Court has freequently provided that due process does not require a full-scale hearing in every situation to which due process applies. *See, e. g.,* Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Fuentes v. Shevin, *supra;* Goldberg v. Kelly, *supra.* Because the determination to be made is simply whether to impose a temporary sanction and, if imposed, its extent rather than an adjudication of guilt or innocence, it is not necessary in our opinion for the Board to make written

findings or to file a written opinion explaining its action, so long as it reaches a decision after hearing appellant's presentation.

We reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

5. While the Board's discretionary power unquestionably gives rise to a right by appellant to notice and a hearing, this would not necessarily be the sole determinant. Some courts have found that even when suspension is statutorily mandated a right to notice and hearing still obtains. *See, e. g.,* Reese v. Kassab, 344 F.Supp. 744 (W.D.Pa.1971) (automatic motor vehicle driver's license suspension without prior notice and hearing on conviction of specified motor vehicle violations under the Pennsylvania point system, held to be a violation of due process), Francisco v. Board of Dental Examiners, 149 S.W. 2d 619 (Ct.Civ.App.Tex.1941) (violation of due process for State Board of Dental Examiners to suspend license to practice dentistry without notice and hearing, pursuant to a Texas statute making such suspension mandatory upon conviction of a felony involving moral turpitude). But, because a mandatory suspension is not before us, we need not consider this subject further.