Cora B. McCARREY, Appellant,

v.

COMMISSIONER OF NATURAL RESOURC-
ES, State of Alaska, and F. J. Keenan,
Division of Lands Officer, Dept. of Natur-
al Resources, State of Alaska, Appellees.

No. 2075.

Supreme Court of Alaska.

Oct. 7, 1974.

J. L. McCarrey III, McCarrey & Mc-
Carrey, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau,
B. Richard Edwards, Timothy G. Middle-
ton, Asst. Attys. Gen., Anchorage, for ap-
pellees.

Before RABINOWITZ, C. J., and
CONNOR, ERWIN, BOOCHEVER and
FITZGERALD, JJ.

FITZGERALD, Justice.

The single issue in this appeal is wheth-
er the State of Alaska is required to hold a
hearing prior to the cancellation of a graz-

ing lease.[1] We hold that the adjudicatory provisions of the Alaska Administrative Procedure Act[2] do not apply to the termination of grazing leases by the State Division of Lands. We conclude, however, that the agency was required to afford notice and a hearing before terminating a grazing lease in order to meet the minimum standards of due process. Even though state agencies in some matters are not subject to the provisions of the Administrative Procedure Act,[3] promulgation of procedural rules tends both to ensure due process and to avoid the arbitrary exercise of discretionary powers.[4]

The underlying facts are not in serious dispute.

In 1964 appellant, Cora McCarrey, obtained a state grazing lease from the Division of Lands of the Department of Natural Resources. Under the terms of the lease, the lessee was not permitted to put the land to any use which would be in material conflict with the grazing purpose of the lease, that is, the land could only be used for grazing livestock.

In 1970 the Division of Lands directed a notice to the lessee informing her that the lease was subject to termination because the land under lease was not being used for grazing livestock. According to the letter, the lessee was permitted thirty days in which to present evidence of the use of the land for grazing purposes. McCarrey responded by challenging the Division's authority to terminate the lease by administrative fiat. McCarrey also challenged the Division's conclusion of nonuse by alleging that neighboring herds were permitted to graze on the leased lands. The Division promptly responded stating that use of the land by persons other than the lessee failed to fulfill the requirements of the lease.[5] In further correspondence McCarrey demanded a hearing to be conducted in accordance with the Administrative Procedure Act[6] before any action might be taken to terminate the lease. Nevertheless, without affording a hearing, the Division terminated the lease on May 6, 1971.

Following a delay of nearly five months after the final administrative decision, McCarrey appealed to the superior court.[7] There both the Division and McCarrey filed motions for summary judgment. The trial court entered summary judgment in favor of the Division, and McCarrey has appealed the superior court's ruling.

Before reaching appellant's main argument, we will consider a jurisdictional question now raised by the state. According to the state, the superior court was without jurisdiction in the first instance to hear McCarrey's appeal because she failed to seek review of the administrative action in superior court within the time permitted by statute.[8] We conclude that the superior

---

1. Appellant's second issue centers on an interpretation of a lease provision providing for the forfeiture of the lease in the event the lessee does not use the land in accordance with the terms of the grazing lease. Since the first issue is resolved in appellant's favor, there is no need at this time to consider this second issue.

2. AS 44.62.330–44.62.630.

3. AS 44.62.010 et seq.

4. *Cf.* Mukluk Frgt. Lines, Inc. v. Nabors Alaska Drill, Inc., 516 P.2d 408, 414–415 (Alaska 1973), where we disapproved of an ad hoc approach and required the adoption, pursuant to statute, of procedures meeting minimum due process requirements.

5. As support for this proposition, the Division cited AS 38.05.070(c) which provides in pertinent part:

"If the commissioner determines that the land or a part of it which is the subject of a grazing lease is not being used for the purpose issued, the lease may be declared void."

6. AS 44.62.010 et seq.

7. On June 4, 1971, the Division, after reconsideration of their May 6, 1971 decision, informed McCarrey that the termination notice was the final administrative decision. McCarrey filed a complaint for injunction in the superior court on November 9, 1971, pursuant to AS 44.62.560(a).

8. AS 44.62.560(a) provides in pertinent part: "Except as otherwise provided in this section, the notice of appeal shall be filed within 30 days after the last day on which reconsideration can be ordered, and served on each party to the proceeding."

court was not bound in this case by the strict time limitations of AS 44.62.560(a). At the time of this appeal a great deal of confusion existed concerning the method and procedures by which appeals from an administrative decision might be taken to the superor court.[9] The matter has now been resolved by adoption of Appellate Rule 45.[10] It is significant as well that the state in this instance failed to raise the question promptly in the trial court. Moreover, failure to file an appeal within strict time limitations does not create a jurisdictional defect. Courts in Alaska have authority to relax the strict requirements of the rules in order to avoid surprise or a serious miscarriage of justice,[11] or otherwise in aid of their appellate jurisdiction.[12]

McCarrey's claim to an administrative hearing rests on two grounds. She contends that she has a property right which cannot be terminated without minimum due process and that the adjudicatory provisions of the Administrative Procedure Act are made applicable to the termination of state grazing leases. In disposing of appellant's statutory claim an examination of the pertinent provisions of the Administrative Procedure Act is in order. AS 44.62.-330 provides in part:

"This procedure, including, but not limited to, accusations and statements of issues, service, notice and time and place of hearing, subpoenas, depositions, matters concerning evidence and decisions, conduct of hearing, judicial review and scope of judicial review, continuances, reconsideration . . . and similar matters shall be governed by this chapter, notwithstanding similar provisions in the statutes dealing with the state boards, commissions, and officers listed.

. . .

. . . . . .

(9) Division of Lands under Alaska Land Act *whree applicable.*" (emphasis added)

Under the Alaska Land Act,[13] the commissioner[14] is allowed discretion to terminate a lease upon the lessee's failure to perform a condition. AS 38.05.070(c) provides in part:

"If the commissioner determines that the land or a part of it which is the subject of a grazing lease is not being used for

---

9. *See, e. g.,* Pan American Petroleum Corp. v. Shell Oil Co., 455 P.2d 12, 15 (Alaska 1969).

10. Rule 45(a)(2) provides:
"The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision."

11. *See, e. g.,* Radich v. Fairbanks Builders, 399 P.2d 215, 217, at n. 3 (Alaska 1965); Vogt v. Winbauer, 376 P.2d 1007, 1009–1110 (Alaska 1962). *See also* Alaska R.App. P. 46.

12. The superior court's authority to relax the time limitation for appeals from administrative boards is now expressly provided in Alaska R.App. P. 45(i). Rule 45(i) has superseded "all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska." Rule 45 states that a party shall file an appeal from an administrative agency within thirty days from the date the agency order is mailed or delivered to the appellant. This time limitation is not absolute because under Rule 45(j) the superior court "shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction." Presumably this would allow the superior court to extend the time for filing an appeal from an administrative agency decision. When the case at bar was filed in the superior court, Rule 45 was not in effect. Nevertheless due to the confusion concerning the time limitations for appealing administrative decisions, the trial court did not abuse its discretion in relaxing the thirty day requirement of AS 44.62.560. Furthermore *the superior court's decision in extending the time limitations for filing an appeal only involved a procedural matter and was entirely proper since in analogous procedural matters,* Alaska R.Civ.P. 94 permits a superior court to relax the filing deadlines provided in the civil rules.

13. AS 38.05.005–38.05.370.

14. The Commissioner of the Department of Natural Resources.

the purpose issued, the lease may be declared void."[15]

We find no indication in this provision, or others which apply to state grazing leases, that requires application of the procedures of the Administrative Procedure Act.[16]

Nor are we led to a contrary conclusion by this court's decision in Pan American Petroleum Corp. v. Shell Oil Co., 455 P.2d 12 (Alaska 1969).

There Pan American Petroleum had filed an application with the Division of Lands for a discovery royalty certification. The Division of Lands granted the application. Shell Oil then made application for a similar certification. Shell's application was denied by the Division on the grounds that its drilling well was located on the same geologic structure ·as Pan American's wells.

Shell filed an accusation pursuant to the Administrative Procedure Act. The Division of Lands *sua sponte* applied the adjudicatory provisions to awards-of-discovery-royalty proceedings. A hearing was held by the Division of Lands which resulted in affirmance of the granting of the certification to Pan American. Shell appealed this administrative decision to the superior court where the decision of the Division of Lands was overturned. On appeal to this court, Pan American contended that the Shell appeal to the superior court was untimely.

Pan American's argument was premised on the contention that the appeal regulations of the Department of Natural Resources, rather than the Administrative Procedure Act, governed the time limits for notice of appeal. We rejected this contention reasoning that the policy underlying the Administrative Procedure Act to establish uniform procedures for the governance of the adjudicatory functions of administrative agencies required this court to apply the appeal time provision of the Administrative Procedure Act to award of royalty decisions. The appeal was held to be timely.

In the opinion, we referred to the Division's decision to apply the adjudicatory provisions of the Administrative Procedure Act to awards-of-discovery-royalty proceedings. We pointed to the Division's decision only to demonstrate that Pan American failed to object to the application of the Administrative Procedure Act in the administrative hearing and had thereby waived that objection. The decision should not be interpreted as compelling application of the adjudicatory provisions in the Act to the Division's administrative actions.

 We hold that the commissioner is not required to apply the adjudicatory provisions of the Administrative Procedure Act to the termination of state leases.[17]

However, while the adjudicatory provisions of the Administrative Procedure Act are not applicable in the present case, due

---

15. *See also* AS 38.05.085.

16. Furthermore, AS 44.62.330(a)(9) provides that the adjudicatory provisions of the Alaska Administrative Act are made applicable to agency proceedings only if the statutes relating to that agency adopt such provisions.

17. An examination of the federal administrative Procedure Act, 5 U.S.C.A. § 500 et seq. (1967), and its application to the Taylor Grazing Act, 43 U.S.C.A. § 315 et seq. (1964), supports our conclusion. The adjudicatory provisions of the federal Administrative Procedure Act only apply "in every case of adjudication *required by statute* to be determined on the record after opportunity for an

agency hearing . . .." 5 U.S.C.A. § 554 (1967) (emphasis added). In order for this provision to be operative, the particular agency statute in question must expressly provide for a hearing and adjudication. Webster Groves Trust Co. v. Saxon, 370 F.2d 381, 385–386 (8th Cir. 1966). Such a hearing requirement is provided in the Taylor Grazing Act. 43 U.S.C.A. § 315h. Without this explicit reference the adjudicatory provisions of the Administrative Procedure Act would not be applicable to federal grazing permits. *See also* Wheatley, A Study of Administrative Procedures—The Department of Interior, 43 Geo.L.J. 166, 181–191 (1955).

process considerations lead us to conclude that it is incumbent upon the state to afford notice and a hearing to ensure due process before a state grazing lease may be terminated for noncompliance. This conclusion is supported by our decision in Alyeska Ski Corporation v. Holdsworth, 426 P.2d 1006, 1011 (Alaska 1967), where we noted that the Alaska constitution recognized the importance of providing legal safeguards in the disposal of state land resources:

"[Article VIII] of our constitution reflects the framers' recognition of the importance of our land resources and of the concomitant necessity for observance of legal safeguards in the disposal or leasing of state lands."

Furthermore, Article I, section 7 of the Alaska constitution states:

"No person shall be deprived of life, liberty, or property, without due process of law."

Terminating state grazing leases without affording the lessee notice and hearing would undermine both the policy evinced by Article VIII and the explicit due process guarantee provided by Article I, section 7 of the Alaska constitution.[18]

While this case apparently presents no factual issues, it is not possible to be certain without a proper hearing. The lack of formal pleadings and the conflicting legal positions taken make it possible that a dispute exists which was not developed because of the procedures employed. The lessee was entitled not only to notice but to an opportunity to be heard in some meaningful way and to present mitigating circumstances prior to the termination of the lease. Furthermore, due process requires that the procedure at the hearing be consistent with a fair trial and that the hearing be conducted in a manner providing an opportunity for a reviewing court to determine if the applicable rules of law and procedure were observed.[19]

We conclude that the Division of Lands did not afford minimum due process protection before termination of the grazing lease. On the basis of this denial of due process, we reverse.

Remanded for further proceedings in accordance with this opinion.

18. Frontier Saloon, Inc. v. Alcoholic Beverage Control Board, Op. No. 1062, 524 P.2d 657 (Alaska 1974). See, Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

19. K & L Distributors, Inc. v. Murkowski, 486 P.2d 351, 357–358 (Alaska 1971).