OPINION OF THE COURT

Per Curiam.

Final judgment entered July 26,1982 reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition.
After notification to the landlord, tenant Lyra Talton’s sister, Jana Taitón, moved into the subject rent-stabilized apartment. It is clear that the two sisters occupied the apartment as a family unit up to the date of trial. Landlord took the position that tenant’s actions constituted an “illegal subletting” and brought holdover proceedings. Tenant defended on the ground that her sister was entitled to be in possession as a member of her immediate family as permitted by paragraph two of the written lease. The Housing Court granted the petition, stating, “there is no doubt that there was an unauthorized occupancy. The Stabilization Act *535 indicates that sisters and brothers are collaterals and not members of the immediate family. An unauthorized occupancy or an occupancy by a member not of an immediate family constitutes a substantial violation of the lease and in this case [Real Property Law, § 226-b] was not complied with”.
We reverse. It has been authoritatively decided, at least under the rent control laws, that siblings qualify as immediate family members (Matter of Herzog v Joy, 74 AD2d 372, affd 53 NY2d 821). No persuasive reason has been advanced as to why a different rule should obtain under rent stabilization. Subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc., relied upon by landlord, is irrelevant. The definition of the term “immediate family” for purposes of excusing a landlord from the statutory obligation to offer a renewal lease is not determinative as respects the rights of tenants under a lease to share the premises with members of the immediate family. Accordingly we find that respondent Jana Taitón, the tenant’s sister, is legally in possession and that there has been no breach of a substantial leasehold obligation. There is therefore no necessity to determine whether tenant also complied with the notice requirements of section 226-b of the Real Property Law. We would note, however, that in none of the landlord’s correspondence in this matter is any bona fide objection made to the presence of Jana Taitón.
Dudley, P. J., Hughes and Parness, JJ., concur.