**CITY OF HOMER and Homer City Council, Appellants,**

v.

**Sidney R. and Marilyn CAMPBELL, Appellees.**

No. S–844.

Supreme Court of Alaska.

May 23, 1986.

A. Robert Hahn, Jr., Stan B. Stanfill, Hahn, Jewell & Stanfill, Anchorage, for appellants.

Mark Woelber, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal arises from a decision of the superior court concluding that the City of Homer violated the Campbells' right to due process of law guaranteed them by the Fourteenth Amendment to the United States Constitution and Article I, § 7 of the Alaska Constitution when the City met and rescinded the Campbells' contract zoning without providing them notice of the meetings and actions proposed to be taken. The City appeals, claiming: 1) the Campbells did not have a constitutionally protected property right; 2) the City's contract default notice provided adequate notice; and 3) a subsequent reconsideration hearing cured any defects in notice. We affirm.

## I. FACTS AND PROCEEDINGS

At the request of Sidney R. Campbell and Marilyn Campbell (Campbells), the City of Homer entered into a contract with the Campbells which enabled them to operate a fish processing plant (Campford Fisheries) on their land in Homer. This contract was negotiated under the specific authority of Kenai Peninsula Borough (KPB) Ordinance 80–64 which rezoned the Campbells' property from commercial to industrial use. The enactment of Ordinance 80–64 in conjunction with execution of the contract cre-

ated contract zoning in favor of the Campbells.

Section 2 of KPB Ordinance 80–64 gave the City the right to rescind the contract zoning upon a finding by the Borough Planning Commission that a breach of contract had occurred. The contract, Attachment A to Ordinance 80–64, authorized operation of the fish processing plant on the rezoned land and provided the City with authority to administer and enforce all terms and conditions of the contract. Paragraph 9 of the contract outlined specific steps which the City could take to correct a violation of the contract should a violation not be remedied by the Campbells within the specified time. Subsequently, the City assumed its own zoning powers by delegation under KPB Ordinance 21.01.020, and assumed full authority over the Campbells' contract zoning.

On May 20, 1983, the City sent a notice of default on the contract to the Campbells specifying four alleged contract violations. The Homer Advisory Planning Commission met on June 23 and concurred with staff recommendations finding a default under the contract. On June 27, the City Council in turn concurred with this finding and rescinded the contract zoning pursuant to section 2 of the KPB ordinance. The City's actions terminated the Campbells' ability to continue operating the fish processing plant on their land.

The Campbells did not receive notice of the meetings nor were they present at them. On August 15, the Campbells appeared before the City Council in an unsuccessful attempt to obtain reversal of the earlier rescission.

The Campbells appealed rescission of the contract zoning to the superior court. They raised a number of issues, including allegations of deficiencies in notice required by the due process clauses of the Alaska Constitution[1] and United States Constitution.[2] The superior court held for the Campbells on the due process claims and reversed the action of the Homer City Council. From this decision the City appeals.

## II. DISCUSSION

### A. DID CAMPBELLS' INTEREST IN THE CONTRACT ZONING CONSTITUTE A CONSTITUTIONALLY PROTECTED RIGHT?

■ We have stated that once a due process claim is raised, it must first be determined "whether there is a deprivation of an individual interest of sufficient importance to warrant constitutional protection." *Herscher v. State Department of Commerce,* 568 P.2d 996, 1002 (Alaska 1977), *quoting Nichols v. Eckert,* 504 P.2d 1359, 1362 (Alaska 1973). The City contends that the Campbells' zoning contract is at best a conditional privilege, revocable by the City upon default by the Campbells. They argue, therefore, that the Campbells do not have an absolute property right which requires constitutional protection.

We conclude that the Campbells' statutory and proprietary interest in the contract zoning is of sufficient importance to warrant protection under constitutional due process requirements.

Fourteenth Amendment protection of property "has never been interpreted to safeguard only the rights of undisputed ownership. Rather, it has been read broadly to extend protection to any 'significant property interest,' ... including statutory entitlements." *Fuentes v. Shevin,* 407 U.S. 67, 86, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556, 573 (1972), *quoting Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119 (1971). "The hallmark of property ... is an individual entitlement grounded in state law, which can-

---

**1.** Alaska Const. art. I, § 7 provides:
No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed.

**2.** U.S. Const. amend. XIV, § 1 provides in part:
... nor shall any state deprive any person of life, liberty, or property, without due process of law; ....

not be removed except 'for cause.' Once that characteristic is found, the types of interests protected as 'property' are varied and, as often as not, intangible, relating 'to the whole domain of social and economic fact.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265, 274 (1982) (citations omitted).

The Campbells' interest in the contract zoning is grounded in state law. Specifically, it is a Kenai Peninsula Borough ordinance which created the interest. By its own terms the contract zoning may not be terminated except "for cause", i.e., default. The Campbells' contract zoning is a statutory entitlement within the rule of *Logan v. Zimmerman* and is therefore a property right entitled to due process protection.[3]

Additionally, the Campbells have a protected proprietary interest in the zoning contract. This court has long recognized that "an interest in a lawful business is a species of property entitled to the protection of due process. This interest may not be viewed as merely a privilege subject to withdrawal or denial at the whim of the state. Neither may this interest be dismissed as *de minimis.*" *Frontier Saloon v. Alcoholic Beverage Control Board*, 524 P.2d 657, 659–60 (Alaska 1974) (citations and footnote omitted). *See also Hersher v. State*, 568 P.2d at 1002.

Concurrent with enactment of KPB Ordinance 80–64, the Campbells entered into a contract with the City enabling them to operate a fish processing plant on their land. This created a lawful opportunity to participate in a private business enterprise. When the City terminated the contract zoning, it also terminated the Campbells' proprietary interest in the business enterprise. This was a protected property interest, which may not be dismissed as *de minimus.*[4]

## B. DID THE CITY PROVIDE ADEQUATE PROCEDURAL DUE PROCESS?

Having concluded that the Campbells have a constitutionally protected property right, the next question is whether the City provided them adequate procedural due process.

It is a fundamental element of due process that before property rights can be taken or infringed upon by government action, there must be notice of the action proposed to be taken and an opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020–21, 25 L.Ed.2d 287, 299 (1970). In *Nichol v. Eckert*, 504 P.2d 1359, 1364 (Alaska 1973), we held that when the principles of due process attach there is a certain level of procedural fairness that must be accorded to an affected party. This "fairness can rarely be obtained by secret, one-sided determinations of facts decisive of rights." *Fuentes v. Shevin*, 407 U.S. at 81, 92 S.Ct. at 1994, 32 L.Ed.2d at 570, *quoting Joint Anti-fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170–72, 71 S.Ct. 624, 647–49, 95 L.Ed. 817, 853–54 (1951) (Frankfurter, J., concurring).

### a. *Adequate Notice.*

■ The Campbells contend that they were not afforded fundamental procedural

---

**3.** No argument has been made that contract zoning is itself unconstitutional and therefore for the purposes of this case we assume that it is not. We note, however, that there are authorities which hold that contract zoning is unconstitutional. *See* 1 P. Rohan, Zoning and Land Use Controls § 5.01[3] (1986).

**4.** The City argues that the Campbells proprietary interest in the zoning contract was *de minimus,* illusory and ephemeral because the plant was closed at the time of the revocation and it did not appear that the Campbells would be in a position to open it that summer. The City's argument fails for two reasons. First, the City's

observations on the Campbells' ability to operate the plant are speculative at best. The record discloses that, while Campford Fisheries was experiencing some financial and technical difficulties, the Campbells had not abandoned the plant and had in fact taken steps to secure a plant manager and find a lessee for the summer. Second, the City confuses the Campbells' right to the land use designation with an obligation to use the land. The Campbells' proprietary interest in the contract zoning existed so long as they had the concurrent contractual authority to operate the processing plant, whether or not the plant was actually operating.

fairness because the City terminated their contract zoning without providing them any notice of the proposed action and an opportunity to be heard.

The City concedes it did not provide the Campbells with actual notice of the proposed hearings. It argues, however, that the Campbells were not denied due process because the notice of default sent to the Campbells on May 20 provided adequate notice of the City's intent to revoke the contract and rezone their property.

The default notice specified four requirements of the 1981 contract which allegedly were in default. It gave the Campbells a period of ten days to correct the deficiencies and informed them that the processing plant could not be opened for operation until the items were corrected. In addition, the letter stated that if the deficiencies were not corrected, then "appropriate legal action will be initiated by the city to enforce the contract."

The City maintains that the specific and detailed directives in the letter should have put the Campbells on notice that if they failed to correct the deficiencies "appropriate legal action" would certainly include a revocation of the contract and rezoning of the property. Therefore, the City contends, the default notice was sufficient to put the Campbells on notice that the contract zoning might be revoked.

We conclude that the default notice did not provide adequate notice because it did not sufficiently apprise the Campbells that action was pending to permanently deprive them of a valuable property right.

An "elementary and fundamental" requirement of procedural due process is notice reasonably calculated, under all the circumstances, to inform interested parties of action affecting their property rights. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). *Accord, Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352 (Alaska 1974). Not only is a party entitled to notice, but the notice must contain certain substantive information. *Id.* at 1356.

Specifically, the City's notice failed to give any warning of the City's intent to revoke the contract zoning or to notify the Campbells of the proposed June hearings on the matter.

The City's argument that the default notice adequately notified the Campbells of the City's actions because the notice contained a threat to take "appropriate legal action" if the deficiencies weren't corrected is without merit. We interpret the term "appropriate legal action" as used in the default notice to refer to enforcement of the contract and not to rescission of the contract zoning as authorized by section 2 of the KPB ordinance.[5] Thus, while the Campbells may have been on notice that the City would take steps to insure that any contract violations were cured, pursuant to paragraph nine of the contract, they were not on notice that their contract zoning might be terminated or that the City planned to hold hearings on the issue in the future.

b. *Subsequent Hearing.*

■ The City argues that the hearing before the City Council afforded after it had already revoked the contract zoning remedied any constitutional violation and provided the Campbells adequate due process. We disagree. "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented.... [N]o later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already oc-

---

5. Paragraph 9 of the zoning contract outlines the appropriate steps the City may take to enforce the contract. These steps include "entering onto the property to make repairs, to remove a violation, or to terminate water service until the violation is remedied." Revocation or recission of the contract zoning is not men- tioned as one of the steps the City may take to enforce the contract or remedy a violation. In a situation such as this it is particularly important that actual notice be given the affected property owner since the contract itself does not provide notice of a possible termination due to a default of contract.

curred." *Fuentes v. Shevin,* 407 U.S. at 81–82, 92 S.Ct. 1994–95, 32 L.Ed.2d at 570–71. *See McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353, 1357 (Alaska 1974); *Frontier Saloon v. Alcoholic Beverage Control Board,* 524 P.2d at 659; *Etheredge v. Bradley,* 502 P.2d 146, 151–53 (Alaska 1972).

We agree with the superior court that the City of Homer violated the Campbells' constitutionally protected right to adequate notice before their contract zoning was revoked and that the later hearing did not cure the violation. The reason the later hearing was inadequate to afford a cure is that it eliminated the first step in their rescission process, which was the hearing before the Homer Advisory Planning Commission.

The judgment of the Superior Court is therefore AFFIRMED.