Charles O. DEGNAN, Appellant,

v.

**BERING STRAIT SCHOOL DISTRICT, Appellee.**

No. S–2011.

Supreme Court of Alaska.

April 29, 1988.

---

Robert C. Erwin, Erwin & Smith, Anchorage, for appellant.

Saul R. Friedman, Dennis P. Murphy, Hedland, Fleischer, Friedman, Brennan & Cooke, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### OPINION

BURKE, Justice.

Charles Degnan was terminated by the Bering Strait School District after the State Commissioner of Education refused written approval of his employment contract, as required by AS 14.14.140(a). Degnan challenges the termination both substantively and procedurally, claiming that the decision to terminate was based upon an invalid regulation, and that the termi-

nation itself was carried out in a manner which denied him due process of law.

## I

In July, 1983, the Bering Strait School District advertised an opening for a "Special Services Coordinator." At the time the advertisement appeared, appellant Charles Degnan was the president of the Bering Strait School Board. His sister, Frances Degnan, was also a member of the school board. In August, 1983, Degnan resigned his position on the board and applied for the job. He was ultimately offered the position, and he entered into an employment contract with the district in September, 1983.

At the time Degnan was hired, AS 14.14.140(a) was in effect. That statute provides in part:

Members of the immediate family of a school board member may not be employed by the school board except upon written approval of the commissioner [of education].

The term "immediate family," as used in AS 14.14.140, is defined by 4 AAC 18.900(a) (eff. 5/30/71; am. 8/30/84),[1] which provides:

"Immediate family" as used in AS 14.14.140 means

(1) husband and wife;

(2) father and son, or daughter;

(3) mother and son, or daughter;

(4) *brother and sister*.

(Emphasis added). It is not disputed that Degnan's sister was on the board at the time of his hiring. Nor is it disputed that written approval for Degnan's contract was neither sought nor received from the commissioner prior to the hiring.

In February, 1985, approximately eighteen months after he was hired, Degnan wrote to then Commissioner of Education Harold Raynolds, requesting written approval of his contract pursuant to AS 14.14.140(a).[2] Commissioner Raynolds investigated the matter, but denied Degnan's request for written approval of the contract.[3] On April 8, 1985, pursuant to the commissioner's order, Bering Strait School District Superintendent Edwin T. Gonion called Degnan into his office, and informed Degnan that he was no longer in the employ of Bering Strait School District.

Degnan filed suit against the school district, challenging both the regulation upon which his termination was based and the manner in which the termination was carried out. The trial court granted summary judgment in favor of the school district, finding that (1) the regulation defining "immediate family," as used in AS 14.14.140(a), to include brothers and sisters was valid and enforceable, (2) Degnan's employment contract, having been entered into without the requisite written approval of the commissioner, was "illegal and void," and hence did not entitle Degnan to a due process hearing before the school district, and (3) Degnan was not entitled to challenge the validity of the commissioner's decision absent joinder of the commissioner as an "indispensable party" pursuant to Civil Rule 19.[4] We affirm.

## II

■ We dismiss at the outset Degnan's contention that 4 AAC 18.900 is in conflict with the plain wording of AS 14.14.140(a) and, therefore, invalid. We are satisfied that the term "immediate family," as used

1. 4 AAC 18.900 was formerly numbered 4 AAC 18.030. The language at issue here remains unchanged.

2. Why Degnan suddenly sought the waiver on his own accord is unclear. The district speculates that it may have had to do with the appointment of a new superintendent, at about that time, who admitted to having "some questions" about Degnan's employment contract.

3. The commissioner concluded that Degnan was neither the "best" nor the "only" applicant for

this particular position, and he informed Degnan that, even if Degnan's request "had been filed in a timely manner ... [it] could not have been approved."

4. Alaska R.Civ.P. 19(a) provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties....

in AS 14.14.140(a), is broad enough to include siblings. *See, e.g., Fisher v. Hodge,* 162 Conn. 363, 294 A.2d 577, 580 (1972) (term "immediate family" used in automobile lease included brother of lessee); *Golston v. Lincoln Cemetery,* 573 S.W.2d 700, 709–10 (Mo.App.1978) (sister of deceased qualified as a member of deceased's "immediate family" under Restatement (Second) of Torts test for intentional infliction of emotional distress); *Avrum Realty v. Talton,* 120 Misc.2d 534, 467 N.Y.S.2d 489, 490 (N.Y.App.Div.1983) (sibling qualifies as "immediate family member" under New York rent control laws). This is particularly true where, as here, the statute seems clearly aimed at preventing nepotism and the appearance of nepotism in local school board hirings. *See Commercial Fisheries Entry Comm'n v. Apokedak,* 680 P.2d 486, 489–90 (Alaska 1984) (language used in statute must be construed in light of its purposes).[5]

■ We also reject Degnan's claimed violation of due process. In *City of Homer v. Campbell,* 719 P.2d 683 (Alaska 1986), we noted that the first step in any due process analysis is to identify an "interest of sufficient importance to warrant constitutional protection." *Id.* at 684 (quoting *Herscher v. State, Department of Commerce,* 568 P.2d 996, 1002 (Alaska 1977)). Here, the trial court correctly concluded that any contract entered into by the school board which was in conflict with the express wording of AS 14.14.140(a) was void *ab initio,* and could not serve as an independent basis for Degnan's due process claim. *See Spicer v. Anchorage Indepen-*

*dent School District,* 410 P.2d 995, 997 (Alaska 1966) (school district has no authority to employ teachers except as prescribed by statute and regulation); *accord McAndrew v. School Committee of Cambridge,* 480 N.E.2d 327, 329–30 (Mass.App.1985); *Minor v. Sully Buttes School District, No. 58-2,* 345 N.W.2d 48, 50–51 (S.D.1984). The legal validity of Degnan's contract, and hence the extent to which he was entitled to procedural protection upon its termination, was dependent upon (1) whether his sister was on the board at the time of his hiring, and (2) whether written approval of his contract was obtained from the commissioner. Because we conclude that Degnan was afforded ample notice and opportunity to be heard, at least as to these threshold questions, prior to his termination,[6] we find no violation of Degnan's due process rights.

On February 21, 1985, Commissioner Raynolds wrote to Degnan, laying out the facts as he understood them, and indicating his belief that Degnan's contract was in violation of AS 14.14.140(a). The commissioner's letter noted, nonetheless, that:

> If the circumstances enumerated above are substantially incorrect, or if there is additional information which would permit a different conclusion to be drawn by a reasonable person, I would be happy to reconsider my decision.

Degnan's reply to the commissioner's letter did not substantially dispute the facts presented by the commissioner, nor did it deny that Degnan's contract was, at that time, in violation of the express wording of

---

5. We do not rule out the possibility that, in other contexts, the term "immediate family" might carry a more narrow meaning. *See, e.g., Kingsley v. Hawthorne Fabrics,* 41 N.J. 521, 197 A.2d 673, 676 (1964) (holdings of brother not living in same household as stockholder not considered holdings of "immediate family" member for purposes of corporation franchise tax statute).

6. In *City of Homer v. Campbell,* 719 P.2d 683 (Alaska 1986), we held that the right to notice and hearing with regard to any significant property interest "must be granted at a time when the deprivation can still be prevented." *Id.* at 686 (quoting *Fuentes v. Shevin,* 407 U.S. 67, 81–82, 92 S.Ct. 1983, 1994–95, 32 L.Ed.2d 556,

570–71 (1972)). While a contract which is void for illegality does not itself convey a constitutionally protected property interest, an erroneous assumption of illegality by a government agency could result in the denial of pretermination rights to persons possessing a valid contract. In light of the risk of such deprivations, we think that due process requires at least minimal notice and opportunity to be heard as to the basic facts underlying the alleged illegality. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542–43, 105 S.Ct. 1487, 1493, 84 L.Ed. 2d 494, 504 (1985) (nature and extent of pretermination due process rights depends in part upon "the risk of erroneous termination" by the goverment employer).

AS 14.14.140(a) and 4 AAC 18.900. Instead, Degnan asked that the commissioner forego "a rigid application" of AS 14.14.-140(a) in rural areas, and requested the commissioner to "exercise the discretion granted [him] by [AS 14.14.140(a)] ... to authorize Mr. Degnan's continued employment with the Bering Strait[ ] School District." The commissioner declined to do so and, since no question remained as to the validity of Degnan's existing contract, the commissioner ordered the district to sever the employment relationship immediately.

■ Quite contrary to Degnan's contention, he was not entitled to a separate due process hearing before the district prior to his termination. At the time Degnan was called into the superintendent's office, he simply possessed no interest protected by due process. He was thus subjected to no violation of his constitutional rights.

■ Finally, we agree with the superior court that Degnan's failure to join the commissioner as a party to this suit is fatal to any claims he might raise concerning the commissioner's refusal to exercise his statutory discretion to grant written approval of Degnan's employment contract. Under the statutory scheme at issue here, no court action, absent a vacation of the commissioner's decision, will allow the court to afford "complete relief" to the parties herein.[7] Alaska R.Civ.P. 19(a).

The decision of the superior court is AFFIRMED.

7. The relief sought by Degnan in his complaint includes, *inter alia,* "[a]n order vacating [Degnan's] dismissal notice" and "[a]n order requiring a hearing before the Bering Strait School Board." Neither request can be effectively granted without first reversing the commissioner's decision on the waiver. Similarly, Degnan's request for contract damages is without legal basis so long as the contract, in the absence of the commissioner's approval, remains void under AS 14.14.140(a).