**Jack Van HYNING, Appellant,**

*v.*

**UNIVERSITY OF ALASKA, Appellee.**

**No. 4022.**

Supreme Court of Alaska.

Jan. 16, 1981.

Robert H. Wagstaff, Wagstaff & Middleton, Anchorage, for appellant.

---

Sanford M. Gibbs, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.*

OPINION

MATTHEWS, Justice.

Jack Van Hyning was hired by the University of Alaska in the capacity of Assistant Professor of Fisheries Biology in June of 1967 for a 12 month term. This contract was renewed in 1968, 1969, 1970, and 1971. The University's tenure policy, incorporated into Van Hyning's contract, provides that if tenure is not granted at the end of a probationary period, not to exceed six years, a terminal contract may be offered to the probationary employee. One who has been denied tenure is thereafter ineligible for full-time employment at the University.

Briefly, the tenure policy calls for a multi-tiered evaluation of a candidate's effectiveness in teaching, research, intra-faculty relationships, participation in professional societies and service to the University and the general public. The process begins with the recommendation of the head of each faculty department as to each untenured person who has completed four years of service, and proceeds through the hands of the appropriate dean and vice president, finally reaching the university committee on tenure. This committee, composed of seven tenured faculty members elected by their peers, makes an independent evaluation of each tenure candidate. In addition to these written recommendations, the committee may request supplemental information from the applicant, his superiors, tenured colleagues or other persons. If the committee recommends to the president that tenure be denied, the applicant is entitled to notification of that decision. A person who is denied tenure during his fifth year of service may request reconsideration of his case by the president of the University.

In Van Hyning's case the committee recommended against granting tenure. He did not appear before the committee although he was entitled to.[1] The University stipulated that had Van Hyning requested to see the materials it considered in reaching its decision he would have been denied access. It stipulated further that had he so requested, he would have been denied the opportunity to question faculty members whom the committee interviewed in reaching its decision. No statement of reasons for recommending denial of tenure was provided. Van Hyning did not request the president to grant reconsideration of his case.

When the university president informed Van Hyning in April of 1972 of the tenure committee's decision, Van Hyning accepted a terminal contract and resigned effective June 30, 1973. On May 27, 1976, he sued the University alleging violations of procedural due process in denying him tenure. The University's motion to dismiss under Alaska Rule of Civil Procedure 12(b)(6)[2] was granted. The superior court found that the action lay in tort and not in contract, and was thus barred by the two year statute of limitations. Additionally, on the merits the court decided that no liberty or property interest was implicated by the denial of tenure and that plaintiff was not entitled to a due process hearing on the question of tenure. This appeal followed.

We conclude that the judgment should be affirmed because of Van Hyning's failure to exhaust his administrative remedies. "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Although we can find no such provision in the tenure policy, the parties stipulated that Van Hyning would have been entitled to appear before the tenure committee had he desired to do so.

2. The University's motion was treated as a motion for summary judgment under Alaska R.Civ.P. 56.

so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17, 25 (1972). *See generally*, 3 K. Davis, Administrative Law Treaties §§ 20.01–.10 (Supp.1970). Here Van Hyning did not appear before the tenure committee and did not take his case to the president after the tenure committee had made its unfavorable recommendation. These failures deprived the University of the opportunity to take further action on his case which could have included a decision affording him tenure. Van Hyning argues that pursuing his remedy administratively any further than he did would necessarily have been futile, but this argument is unsupported in the record, and is essentially incapable of being verified since the effort was not in fact made.

If Van Hyning had promptly challenged the tenure committee's decision in court without first exhausting his administrative remedies, the court, in its discretion, might properly have required him to exhaust those remedies while retaining jurisdiction in the event that doing so did not bring him acceptable relief.[3] However, when the court made its ruling such discretionary relief had become, in all probability, impractical[4] due to Van Hyning's four year delay in filing suit, because of intervening commitments made by the University and changes in personnel among the decision makers.

The judgment is AFFIRMED.

---

**3.** *See Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978).

**4.** In *Jerrell v. Kenai Peninsula Borough School District*, 567 P.2d 760, 767 (Alaska 1977), we recognized the "practical concerns" of an educational institution relating to its ability "to effectively plan future hiring." "Prompt decisions on whether a teacher is to be retained are of considerable importance in determining the personnel to be hired for the ensuing school years."