CITY OF SUPERIOR, Appellant, vs. COMMITTEE ON WATER POLLUTION and others, Respondents.

*December 3, 1952—January 6, 1953.*

For the appellant there was a brief by *George D. Flynn,* and oral argument by *Mr. Flynn* and *Mr. Barney B. Barstow,* both of Superior.

For the respondents there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

FAIRCHILD, J.   In this proceeding the plaintiff attempts, without reference to ch. 227, Stats. (the Uniform Administrative Procedure Act), to attack the validity of an order of the Committee on Water Pollution.  The order is referred to in the statement of facts and required the city to establish by July 1, 1951, a program for financing the construction of a sewage-treatment plant.  The complaint is that the order by the committee in question is in excess of the statutory authority of that committee and that compliance with the order would require the city to become indebted beyond its constitutional debt limitation provided by sec. 3, art. XI, Wis. Const.  The city claims that the committee was required to first enter into an agreement with the responsible authorities of Minnesota relative to the control of pollution in interstate waters pursuant to sec. 144.53 (7), Stats., as a condition precedent to making the order in question, and that by not so doing it exceeded its statutory authority.

As pointed out by the attorney general, the city "started out under sec. 144.56 (1), Stats., to review the original order of the committee.  This statute calls for filing with the committee a verified petition setting forth the modification or change desired in the order."  The petition under this statute must be filed within sixty days from the issuance of the order, and the committee must then order a public hearing and thereafter, but within sixty days after the closing of the hearing, the committee must affirm, repeal, or change the order.

It appears from the record that all of the provisions for review provided in sec. 144.56 (1), Stats., were recognized both by the city and the committee.  It follows from the regulations provided in the statute that in the event petitioner desires a judicial review of the committee's action in affirm-

ing, repealing, or modifying the order, he must follow the terms and directions of sec. 144.56 (2), where it is provided that "The determination of the committee shall be subject to review in the manner provided in chapter 227." This procedure was not followed by the city.

The provisions of the sections of the statutes referred to were considered by the trial court to so limit the course of procedure available to the city as to make its effort to resort to an action for declaratory judgment ineffective. The trial court was correct in concluding that the situation presented is controlled by the doctrine recognized in *State ex rel. Martin v. Juneau* (1941), 238 Wis. 564, 568, 300 N. W. 187. It was there held:

"This court has repeatedly held that where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive and if review is sought that method must be pursued. *State ex rel. Attorney General v. Fasekas* (1937), 223 Wis. 356, 362, 269 N. W. 700; *Corstvet v. Bank of Deerfield* (1936), 220 Wis. 209, 263 N. W. 687."

However, in the *Juneau Case* this court also stated that the city would not be foreclosed in an action by the state to enforce the order from raising questions as to the validity of ch. 144, Stats., or whether the State Board of Health and the State Committee on Water Pollution acted within the powers conferred upon them by statute. Subsequent to our decision in the *Juneau Case* the legislature of 1943 adopted the Uniform Administrative Procedure Act, and sec. 227.20 thereof provides that the scope of court review of orders of administrative agencies permits reversal or modification of the same if substantial rights of the appellant have been prejudiced by findings or conclusions of the agency which are—

"(a) Contrary to constitutional rights or privileges, or
"(b) In excess of the statutory authority or jurisdiction of the agency."

By reason of this enactment the *Juneau Case* is no longer an authority for the proposition that a city, such as the plaintiff in the instant case, can challenge an order of the Committee on Water Pollution as being in excess of its statutory authority in any action instituted by or against the city unless it shall have first resorted to the review procedure provided in ch. 227, Stats.; but the *Juneau Case* is authority for the principle that where a specified method of review is prescribed by statute, the method so prescribed is exclusive.

It is considered that the city of Superior is limited in its effort to review the orders of the Committee on Water Pollution to the remedies specified under sec. 144.56 (2), Stats., and ch. 227, Stats.; and we hold that a review in the manner attempted in this action may not be had through the medium of a declaratory-judgment action. The trial court's ruling sustaining the demurrer on the grounds set forth must be sustained. Therefore we do not in our consideration reach the other questions raised.

*By the Court.*—Judgment affirmed.