Kenneth OWSICHEK, Appellant,

v.

STATE of Alaska, GUIDE LICENSING AND CONTROL BOARD, Appellee.

No. 5134.

Supreme Court of Alaska.

April 24, 1981.

---

Charles E. Tulin, Anchorage, for appellant.

Sarah Elizabeth Fussner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

DIMOND, Senior Justice.

This appeal arises from an action Kenneth Owsichek filed against the Alaska Guide Licensing and Control Board after it partially denied his 1978 application for an exclusive use guide area permit. The superior court concluded that Owsichek's action was in effect an appeal from the administrative order of the Guide Board, and the court dismissed the action as being filed untimely. The only issue before us is whether this dismissal was proper.

Owsichek became a guide for big game hunts in the Lake Clark area in February, 1976. In November of that year, the Guide Board began issuing exclusive and joint use guide area permits. The most important criterion informally adopted by the board was that applicants had to establish use, occupancy or financial investment in the

area for three of the five years preceding their application. Owsichek applied for an exclusive use guide area permit in November, 1976, but it was denied because he did not meet this criterion.

Owsichek reapplied in 1978, when he was eligible for a temporary permit because he had then used the area for two years. The board considered his application at a hearing in 1979. It concluded that the bulk of the area for which Owsichek wanted an exclusive permit was unavailable because it had already been assigned to other guides for their exclusive use. The board decided to give Owsichek an exclusive use permit for a peripheral, undesirable area that had not been assigned to other guides. This area is inaccessible by Owsichek's aircraft and is not near the lodge Owsichek built at Port Alsworth, Lake Clark, for use in his guide business.

On February 5, 1979, the Guide Board sent a short letter to Owsichek. It summarized the board's decision and then stated, "If you have any questions, please do not hesitate to write or call us." Pursuant to this suggestion, Owsichek called the board and asked what he could or should do. The board suggested that he talk to the guides with the exclusive use permits and see if they would agree to his joint use of the areas. Accordingly, Owsichek talked to the guides, but they objected to his use of their areas.

Owsichek then filed his complaint on April 6, 1979. It alleges that the Guide Board did not have authority in 1976 to issue exclusive guide area permits; only the amendment to AS 08.54.040,[1] which became effective in 1978, and the regulations adopted pursuant to it,[2] could provide the necessary authority. The complaint further alleges that the amended statute and the regulations adopted pursuant to it are invalid for various reasons. The relief the complaint seeks is an award of damages and a declaratory judgment that AS 08.54.040(a)(8) and the relevant regulations are unconstitutional or, alternatively, an injunction compelling the board to issue Owsichek a guide area permit for the areas he requested in his 1978 application.

The Guide Board filed a motion to dismiss the action on the basis that it was in essence an untimely challenge to the board's administrative proceedings concerning Owsichek's 1978 application. The board argued that, pursuant to former Appellate Rule 45,[3] Owsichek's only remedy was to have appealed from its administrative order

---

1. The amendment added subsection (a)(8), which provides that the Guide Board shall
   establish a quota of licensed operating guides who may operate within designated geographical game units or subunits of the state and provide for an equitable and reasonable procedure for limiting the number of guides to that quota; preference shall be given to qualified available and willing licensed guides who reside within the designated game unit or subunit.

2. These include 12 AAC 38.051, which states in relevant part,
   (a) Guiding area permits will be issued by the board to guides qualifying under secs. 53 and 54 of this chapter for exclusive or joint use of a specified area in order to limit the number of guides allowed to guide for big game animals in that area.
   (b) The board will determine the size, boundaries and number of guiding areas assigned to a master or registered guide and is not limited by number or boundaries of guide districts which may be included.
   and 12 AAC 38.053, which states in part,
   (d) The board will, in its discretion, issue a permanent guiding area permit to a qualified

applicant who can substantiate his or her use, occupancy, or financial investment in the guiding area for at least three of the five years immediately preceding the published deadline for filing the application for that particular unit. The board will, in its discretion, issue a temporary guiding area permit to a qualified applicant who can substantiate his or her use, occupancy or financial investment in the guiding area for at least two of the five years immediately preceding the published deadline for filing the application for that particular unit.

3. The revised Rules of Appellate Procedure went into effect on November 15, 1980. Because Owsichek's action was filed in 1979, it is governed by the former Appellate Rules.
   Former Appellate Rule 45(a)(2) states:
   The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

within thirty days of the date it mailed notice of the order. Owsichek did not file his action until almost two months after the board's letter was mailed to him. The superior court granted the Guide Board's motion.

Owsichek appeals from the judgment dismissing his action. He argues that his complaint should not be treated as an appeal from the board's order because it is a permissible independent action. Any applicable limitation period for the action is much longer than the thirty days within which an appeal must be brought. Thus, Owsichek claims his action was timely filed. Owsichek further argues that if his action must be characterized as an appeal from the board's order, it was an abuse of discretion for the superior court to dismiss it as untimely.

## I.

We first consider Owsichek's argument that the superior court erred in treating his complaint as an appeal from the Guide Board's decision rather than as an independent action. In *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541 (Alaska 1975), we formulated a test to determine when former Appellate Rule 45 applied to an action that involved the same issues considered in an earlier administrative proceeding. We stated:

> Whether Appellate Rule 45 applies is not determined by labeling a case an appeal or a new proceeding. The essential question is a functional one: does the claim before the superior court challenge a prior administrative decision. If the answer is affirmative, Appellate Rule 45 applies.

534 P.2d at 545 (footnote omitted).

Owsichek's complaint sets forth three separate claims; one for declaratory relief,

another for injunctive relief, and a third for damages. Using the *Winegardner* test, we conclude that former Appellate Rule 45 does not apply to Owsichek's request for declaratory relief, but does apply to the requests for injunctive relief and damages.

The declaratory relief Owsichek seeks is a judgment declaring that AS 08.54.040(a)(8) is unconstitutional because it delegates authority to the Guide Board without adequate standards, and declaring that the regulations adopted pursuant to this section are unconstitutional because they permit arbitrary action by the Guide Board. As we noted in *Moore v. State*, 553 P.2d 8, 29 (Alaska 1976), "[J]udicial review from non-adjudicatory legislative action is provided in the Alaska [Administrative Procedure Act] under AS 44.62.300, which section specifically provides for declaratory relief, but not for a statute of limitations on actions."[4]

■ Owsichek's request for declaratory relief requires the superior court to review only the statute and regulations and not the Guide Board's decision. Because this part of Owsichek's action does not challenge the board's decision, it is not governed by former Appellate Rule 45.

The same is not true of Owsichek's request for injunctive relief. Owsichek seeks an order compelling the Guide Board to issue to him an exclusive use guide area permit for the same areas that he requested in his 1978 application. AS 44.62.560(e), which governs the judicial review of administrative orders, provides as follows:

> The superior court may enjoin agency action in excess of constitutional or statutory authority at any stage of an agency proceeding. If agency action is unlawful-

Identical provisions are now contained in Appellate Rule 602(a)(2).

**4.** AS 44.62.300 provides as follows:

*Court Review.* An interested person may get a judicial declaration on the validity of a regulation by bringing an action for declaratory relief in the superior court. In addition to any other ground the court may declare the regulation invalid (1) for a substantial failure to comply with §§ 10–320 of this

chapter, or (2) in the case of an emergency regulation or order of repeal, upon the ground that the facts recited in the statement do not constitute an emergency under § 250 of this chapter.

*See Alaska Pub. Util. Comm'n v. Municipality of Anchorage*, 555 P.2d 262, 264 n.1 (Alaska 1976), in which we held that an action for declaratory relief following an administrative order was "clearly allowable."

ly withheld or unreasonably withheld, the superior court may compel the agency to initiate action.

When recently interpreting this section in *United States v. RCA Alaska Communications, Inc.*, 597 P.2d 489, 508–09 (Alaska 1979), we held that a complaint for injunctive relief is distinct from an appeal of an administrative order. That case, however, did not consider the issue of whether Appellate Rule 45 should apply to an action for injunctive relief that in essence challenged an earlier administrative order.

■ In several earlier cases, we did consider this issue, and concluded that, under such circumstances, the action was governed by Appellate Rule 45. *E. g., State v. Burgess Construction Co.*, 575 P.2d 792, 794–95 (Alaska 1978); *McCarrey v. Commissioner of Natural Resources*, 526 P.2d 1353, 1355 (Alaska 1974). *See Alaska Public Utilities Commission v. Municipality of Anchorage*, 555 P.2d 262, 264 n.1 (Alaska 1976). In accordance with these cases and *Winegardner*, we hold that, when an action for injunctive relief seeks exactly the same review by the superior court as could be had in an appeal from the administrative order, the action should be treated as an appeal.[5]

■ If we held otherwise, after the time for appeal set forth in the Appellate Rules had elapsed, many persons could still frame the issue they would have raised in their administrative appeal as a request for injunctive relief. The facts of this case are illustrative. Owsichek seeks an injunction compelling the Guide Board to issue to him a permit for the same areas he requested in his 1978 application. The Guide Board considered and rejected this application at its 1979 hearing. The request for injunctive relief challenges the board's decision and requires a review of it. We conclude that this part of Owsichek's action should be treated as an appeal from the Guide Board's decision.

■ Owsichek's claim for damages is not a direct challenge to the Guide Board's decision. However, as the superior court noted, the claim depends upon the merits of Owsichek's challenge to the decision. His complaint seeks $100,000.00 for losses sustained because of the Guide Board's allegedly illegal and unconstitutional conduct. Whether or not this claim is valid can only be determined by reviewing the administrative proceedings of the board.[6] *See State v. Lundgren Pacific Construction Co.*, 603 P.2d 889, 893 (Alaska 1979). We conclude that this part of Owsichek's action should also be treated as an appeal from the Guide Board's decision.

Owsichek disagrees with this conclusion. He argues that no part of his action should be treated as an appeal because his complaint alleges that the Guide Board's conduct deprived him of his constitutional rights to equal protection and due process of law. Owsichek fails to explain, however, why these allegations require his complaint to be treated as stating an independent action. If we held that every complaint alleging the deprivation of constitutional rights stated an independent action, almost any person who was dissatisfied with the result of an administrative proceeding could bypass the requirements of former Appellate Rule 45 by including such allegations in his or her complaint. There is no authority and no persuasive reason for judicially creating such a large gap in the applicability of former Rule 45 to actions challenging an administrative decision.[7] We therefore reject Owsichek's argument.

## II.

■ We now consider whether the superior court abused its discretion in dismissing

---

5. To the extent that this holding is inconsistent with the discussion of the issue in *United States v. RCA Alaska Communications, Inc.*, 597 P.2d 489, 508–09 (Alaska 1979), our holding in this case takes precedence.

6. We note that this claim raises issues of governmental immunity. We need not resolve these issues because the only question before this court is whether the claim was timely filed and not whether there is any merit to it.

7. As we indicated in *Moore v. State*, 553 P.2d 8 (Alaska 1976), however, the Alaska Constitution can sometimes serve as the jurisdictional basis for an action that might otherwise be characterized as an appeal from an administrative decision. The circumstances when this is possible are quite limited. We held in *Moore*

Owsichek's action. As we have already stated, Owsichek's claim for declaratory relief should not be treated as an appeal from the Guide Board's decision. The statute of limitation specified in former Appellate Rule 45, therefore, does not apply to this part of Owsichek's action and it should not have been dismissed. The claims for damages and injunctive relief, however, should have been filed as an appeal from the board's decision within thirty days of the date the order was mailed to Owsichek, pursuant to former Appellate Rule 45.

The Guide Board mailed its order on February 5, 1979, and Owsichek did not file his complaint until April 6, 1979, fifty-nine days later. While AS 44.62.560 on its face gave Owsichek sixty days within which to file an appeal,[8] former Appellate Rule 45(i) stated, "These rules shall supersede all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska."[9] Therefore, to the extent that former Appellate Rule 45 governed Owsichek's action, it was not timely filed.

However, the superior court has discretion to relax the requirements of former Rule 45 when strict adherence will cause an injustice.[10] Former Appellate Rules 45(j)[11] and 46[12] have been applied to permit untimely appeals to the superior court from

that the plaintiffs' action was not barred by the statute of limitation specified in Appellate Rule 45 because the action was independent of the earlier administrative proceedings and was based on article VIII, section 10, of the Alaska Constitution. This section sets forth the due process requirements applicable to the lease or sale of state lands. Our holding in *Moore* was based in part on the fact that the plaintiffs were not parties to the earlier administrative proceedings and could not have appealed from the agency's decision. 553 P.2d at 29.

Owsichek relies upon much broader constitutional provisions and could have appealed from the Guide Board's decision. We therefore conclude that our holding in *Moore* is inapplicable to this case.

8. The statute provides:
   Judicial review by the superior court of a final administrative order may be had by filing a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters. Except as otherwise provided in this section, the notice of appeal shall be filed *within 30 days after the last day on which reconsideration can be ordered*, and served on each party to the proceeding. The right to appeal is not affected by the failure to seek reconsideration before the agency. AS 44.62.560(a) (emphasis added). AS 44.62.-540(a) states in part:
   The agency may order a reconsideration of all or part of the case on its own motion or on petition of a party. The power to order a reconsideration expires 30 days after the delivery or mailing of a decision to the respondent.
   Thus, the Administrative Procedure Act gives persons sixty days within which to bring an appeal; *i. e.,* thirty days after the thirtieth day on which the agency may order a reconsideration of its order.

9. The time limit for filing an appeal from an administrative order is a procedural matter and is therefore subject to this court's supremacy over such matters pursuant to article IV, section 15, of the Alaska Constitution, which provides:
   The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.
   Appellate Rule 45 became effective in 1973, long after AS 44.62.560(a) was enacted in 1959, and it is thus controlling. *See generally State v. Lundgren Pac. Constr. Co.,* 603 P.2d 889, 893 (Alaska 1979). *See* Appellate Rule 607.

10. *See Alaska Pub. Util. Comm'n v. Municipality of Anchorage,* 555 P.2d 262, 264 n.1 (Alaska 1976), in which we held that an action could be treated as an appeal from an administrative order under Appellate Rule 45 even though brought as an action for injunctive relief.

11. Former Appellate Rule 45(j) provided:
    After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction. *See* Appellate Rule 609.

12. Former Appellate Rule 46 provided:
    These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice. *See* Appellate Rule 521.

administrative decisions. Although former Rule 45(a)(2) was not yet in effect at the time, we noted in *McCarrey v. Commissioner of Natural Resources*, 526 P.2d 1353 (Alaska 1974), that the time limitation it specified was not absolute because former Rule 45(j) stated that the superior court "shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction" and "[p]resumably this would allow the superior court to extend the time for filing an appeal from an administrative agency decision." 526 P.2d at 1355 n.12.

In *State v. Burgess Construction Co.*, 575 P.2d 792 (Alaska 1978), we concluded that the superior court correctly treated plaintiff's complaint for injunctive relief as an untimely appeal from an administrative order. We held, however, that it was inappropriate for the superior court to have dismissed the action as being untimely because the dismissal would work an injustice to the plaintiff.[13]

As we noted in *Burgess*, "It is generally held to be incumbent upon the party seeking relaxation of the rules to make a sufficient showing that enforcement of the rule will result in surprise and injustice to that party." 575 P.2d at 796 (citations omitted). We believe that Owsichek has sufficiently established that enforcement of the thirty-day rule would result in surprise and injustice to him. The letter he received from the Guide Board did not indicate that it was an order, or that it was the final order of the board, or that Owsichek had only thirty days within which to appeal from the order. Instead, the letter stated, "If you have any questions, please do not hesitate to call us." Owsichek did call the board. He asked what he could or should do at that point. The board did not tell him that the letter was its final order and that he could appeal from it, but only if he did so within the

next thirty days. Instead, it suggested that he contact the other guides and attempt to work out an agreement with them for his joint use of the area. When Owsichek's negotiations were unsuccessful, he filed his complaint with the superior court.

The analysis of one commentator is persuasive to these facts:

> Where an agency's determination of a case is expressed otherwise than in a formal order, the "finality" of such informal expressions, for purposes of judicial review, depends, it seems, upon what characterization best serves the equities of the case. A letter or other informal expression, if it is apparently intended to stand as a determination of a pending matter, may sometimes be considered a final order if the party seeking the appeal treats it as such. *But if the party receiving such informal advice from an agency does not realize that it is intended as a definitive order, and delays filing an appeal until (after the expiration of the normal period for seeking review) he is later apprised of its intended significance, it is held that the appeal should not be dismissed as being filed too late.*

2 F. Cooper, State Administrative Law 592–93 (1965) (emphasis added).

The Guide Board has not demonstrated any prejudice to it resulting from Owsichek's delay in filing, and Owsichek has made a strong showing of surprise and excusable neglect. We conclude that the superior court abused its discretion in dismissing Owsichek's claims for injunctive relief and damages. The claim for declaratory relief should not have been treated as an appeal from the Guide Board's decision and, therefore, the dismissal of that claim was improper.

**VACATED and REMANDED.**

---

**13.** *See also Commercial Fisheries Entry Comm'n v. Apokedak*, 606 P.2d 1255, 1258 n.6 (Alaska 1980), in which we summarily held that, under the facts of the case, the superior court had not abused its discretion when relaxing the thirty-day time limitation for appealing an administrative order.

*Cf. Jerrel v. Kenai Peninsula Borough School Dist.*, 567 P.2d 760 (Alaska 1977), in which a majority of this court concluded that it was not an abuse of discretion for the superior court to have dismissed a plaintiff's appeal from an administrative order as untimely. In that case, the plaintiff had known of the need to appeal for almost four months before filing it.

RABINOWITZ, Chief Justice, concurring.

I agree with the majority's conclusion that the superior court abused its discretion in refusing to relax, under former Appellate Rule 46,[1] the time limits imposed on administrative appeals by former Appellate Rule 45.[2]

In light of that conclusion, I would not reach the issue of whether the time limits of former Rule 45 apply to an action for declaratory judgment. Our finding that the superior court should have allowed the action to go forward under former Rule 46 renders consideration of this point unnecessary. Were we forced to address it, I would dissent from that aspect of the majority opinion; the case law seems uniformly contrary to the majority's conclusion on this issue.[3]

I think it inconsistent to preclude a litigant from utilizing a request for injunctive relief to circumvent the time strictures for administrative appeals (*supra*, 627 P.2d at 620) while allowing the same litigant to accomplish this same circumvention by framing his request as one for declaratory relief. I do not accept the reasoning that declaratory relief requires review solely of the statutes and regulations, whereas injunctive relief and damages require review of the actual administrative decision. If for no other reason than to establish standing,[4] I think that an action for declaratory relief will necessarily involve some consideration of the agency's actual decision.

In all other respects I agree with the majority.

1. Currently the parallel provision is found at Alaska R.App.P. 521.

2. The current parallel provision is in Alaska R.App.P. 602(a)(2).

3. *See, e. g., Howle v. Alabama State Milk Control Bd.*, 265 Ala. 189, 90 So.2d 752 (1956); *Rich Mfg. Co. v. Petty*, 241 Iowa 840, 42 N.W.2d 80 (1950); *Kansas-Nebraska Natural Gas Co., Inc. v. State Corp. Comm'n*, 176 Kan. 561, 271 P.2d 1091 (1954); *State v. Zinn*, 72 N.M. 29, 380 P.2d 182 (1963); *In re 1632 South Broad St., Philadelphia*, 372 Pa. 557, 94 A.2d 772 (1953); *Wallace v. Neal*, 191 Tenn. 240, 232

S.W.2d 49 (1950); *City of Superior v. Committee on Water Pollution*, 263 Wis. 23, 56 N.W.2d 501 (1953). These cases all hold that the procedures established for appealing administrative decisions are exclusive, and not to be circumvented by an action for declaratory relief.

4. "While the injury-in-fact requirement has been relaxed, it has not been abandoned, as it is necessary to assure the adversity which is fundamental to judicial proceedings." *Wagstaff v. Superior Ct., Family Ct. Div.*, 535 P.2d 1220, 1225 (Alaska 1975).