**PIONEER SAND & GRAVEL, Howard C. Luther, Betty Luther, Charles E. Tulin and Helen L. Tulin, Appellants,**

*v.*

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. 5181.**

Supreme Court of Alaska.

May 8, 1981.

---

Charles E. Tulin, Anchorage, for appellants.

Jerry Wertzbaugher, Deputy Municipal Atty., Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Pioneer Sand and Gravel [PS&G] operates a gravel pit on seventy acres south of O'Malley Road in Anchorage. The surrounding area is presently zoned for residential purposes and prior to 1977 PS&G's gravel pit operations were recognized as a non-conforming use.

In 1977, the Municipality of Anchorage enacted Anch.Mun.Code § 21.55.090 which requires all gravel pits to obtain approval of a site restoration and redevelopment plan in order to continue operations. The ordinance further requires that operations be discontinued after the passage of a reasonable amortization period.

PS&G proposed an amortization period of 37.5 years; however, the Planning and Zoning Commission only authorized ten years. PS&G appealed this and other conditions imposed upon it to the Municipal Assembly sitting as the Board of Adjustment. The Assembly affirmed the decision of the Planning and Zoning Commission.

Thereafter, PS&G filed an administrative appeal to the superior court in Civil Action 3AN–78–8548.[1] At the same time, PS&G filed the present action for inverse condemnation and declaratory relief, Civil Action 3AN–78–8547. Both the appeal and the present case contend that Anch.Mun.Code § 21.55.090 is invalid on its face and as applied to PS&G. The present case, however, contains a request for money damages for the taking of PS&G's property rights.

The Municipality moved to dismiss this case claiming that it "involves the same parties, is premised on the same operative facts, and seeks essentially the same relief" as the administrative appeal. When PS&G pointed out in its opposition to the motion that this action was seeking compensation for a government taking, the Municipality countered with the argument that if the ordinance was such a substantial interference with property rights as to be a taking, it would be declared invalid or inapplicable to PS&G, and if it was not such a substantial interference with property rights, there could be no damages for a taking. The parties attempted to stipulate to a stay of this case while the legal and constitutional issues were decided in the administrative appeal, but no stipulation was reached. At the hearing on the motion to dismiss, PS&G orally requested a stay of the present case or consolidation of both cases.

The court granted the motion to dismiss without explaining its reasons. The court could have accepted the argument initially presented by the Municipality, that this case was merely a duplication of the administrative appeal, or the argument presented in the later memorandum of the Municipality, that no action for damages can be presented in a case such as this. Crediting the duplication argument, taken alone, would be error, for the remedy of damages is sought only in the present case.

Whether the damage claim can be maintained at all cannot be so readily resolved, however. The question is one of first impression in Alaska, and it is obviously an important one.[2] It is presented to us, as it

---

1. AMC § 21.30.180; Alaska R.App.P. 45. Alaska R.App.P. 45 has been superseded by the new appellate rules.

2. *See, e. g., San Diego Gas & Electric Co. v. City of San Deigo,* —— U.S. ——, 101 S.Ct. 1287, 67 L.Ed.2d 551 (1981) (dissenting opinion of Justice Brennan); *Agins v. City of Tiburon,* 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25 (1979), affirmed, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980); *Fred F. French Investing Co. v. City of New York,* 39 N.Y.2d 587, 385 N.Y.S.2d 5, 350 N.E.2d 381 (N.Y.1976).

was presented to the superior court, in an abstract form. On the record before us the conditions imposed on PS&G by the ordinance are unclear, both as to their nature and effect. "[Q]uestions presented on appeal [should] have a full factual and legal setting in which the practical effect of the parties' contentions may be weighed."[3] We believe this goal can best be accomplished in this case by deciding the damage claim either along with or subsequent to the primary challenge to the ordinance.

Accordingly, we vacate the order of dismissal and remand this case with directions that it be consolidated with the administrative appeal.[4] The judge to whom the consolidated cases are assigned may, of course, make any order concerning the order of hearings or trials, or separate hearings or trials which he believes will be conducive to expedition or economy. Alaska Rule of Civil Procedure 42(b).

VACATED AND REMANDED.

3. *Johnson v. State*, 577 P.2d 706, 709 (Alaska 1978).

4. This result is consistent with our recent decision in *Owsichek v. State*, 627 P.2d 616 (April 24, 1981) where we held that following an administrative adjudication a complaint for injunctive and damage relief which "seeks exactly the same review by the superior court as could be had in an appeal from the administrative order ... should be treated as an appeal, governed by Appellate Rule 45." At p. 620. Here both the administrative appeal and the present action were filed within the time limit allowed by former Appellate Rule 45 and can be treated as an appeal, governed by the revised Appellate Rules 601–609, through the procedural device of consolidation.