Harold HAYNES,
Appellant/Cross–Appellee,

v.

STATE of Alaska, COMMERCIAL
FISHERIES ENTRY
COMMISSION, Appellee/Cross–Appellant.

Nos. S–1620, S–1636.

Supreme Court of Alaska.

Dec. 4, 1987.

Douglas K. Rickey and Steven G. Marks, Baxter and Marks, Juneau, for appellant/cross-appellee.

Margot O. Knuth, Asst. Atty. Gen., and Grace Berg Schaible, Atty. Gen., Juneau, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

In 1977, when the Commercial Fisheries Entry Commission (CFEC) limited entry into the southeast Alaska roe herring purse seine fishery, Harold Haynes applied for an entry permit. The CFEC evaluated his application according to a point system spelled out in 20 AAC 05.664.[1] On July 13, 1982, the CFEC determined that Haynes had insufficient points to qualify for a permit, and denied his application. Haynes did not request agency reconsideration of the decision, nor did he appeal.

Almost three years later, in March 1985, Haynes brought an "independent action" in superior court, seeking both declaratory relief (a judgment that 20 AAC 05.664 violated AS 16.43.250) and injunctive relief (a remand of his application to the CFEC). The suit was inspired by this court's 1983 decision invalidating a similar regulation that applied to the salmon hand troll fishery. *See Rutter v. State, Commercial Fisheries Entry Comm'n,* 668 P.2d 1343 (Alaska 1983).

The CFEC moved to dismiss the complaint, and in the alternative, moved for summary judgment upholding the regulation. Haynes opposed both motions and cross-moved for summary judgment. The superior court denied the CFEC's motion to dismiss, but granted its motion for summary judgment. Haynes now appeals from the entry of summary judgment in the CFEC's favor, and the CFEC cross-appeals from the denial of its motion to dismiss.

Because Haynes failed to appeal the CFEC's denial of his application for an entry permit, and because we decline to apply *Rutter* retroactively so as to require the CFEC to reconsider his application despite his failure to appeal, we conclude that Haynes is not entitled to any relief. Therefore, we hold that the superior court should have dismissed Haynes' suit pursuant to Civil Rule 12(b)(6). Without considering the validity of 20 AAC 05.664, we reverse and remand with instructions that the superior court grant the CFEC's motion to dismiss.

### A. *Haynes' Claim for Injunctive Relief is Untimely*

■ However denominated, a claim is functionally an administrative appeal if it requires the court to consider the propriety of an agency determination. *Owsichek v. State, Guide Licensing and Control Bd.,* 627 P.2d 616, 620 (Alaska 1981); *Winegardner v. Greater Anchorage Area Borough,* 534 P.2d 541, 545 (Alaska 1975). Haynes' claim for injunctive relief must be considered an administrative appeal, because a court could grant the relief he seeks—a remand of his application to the CFEC—only if it determined that the CFEC's prior decision was erroneous.

---

1. Promulgated pursuant to AS 16.43.250, 20 AAC 05.664 establishes a point system for ranking applicants for entry to the southeastern roe herring purse seine fishery according to the hardship each applicant would suffer by exclusion from the fishery. The regulation awards points for past participation in the fishery as well as for economic dependence on the fishery. The regulation encompasses two of the four indicia of economic dependence listed in AS 16.43.250: it includes investment in vessels and gear and availability of alternative occupations, but omits percentage of income derived from the fishery and reliance on alternative occupations. *See* discussion *infra* at p. 894.

■ Administrative appeals, even when they are labeled independent actions, must be taken within 30 days. Alaska R.App.P. 602(a)(2). *See Fedpac Int'l v. State, Dept. of Revenue*, 646 P.2d 240, 241 (Alaska 1982). Unless grounds exist for relaxing this 30–day time limit, an untimely appeal must be dismissed. *Ballard v. Stich*, 628 P.2d 918, 920–21 (Alaska 1981).

Haynes exceeded the thirty-day time limit for administrative appeals by almost three years. Since he presents no grounds to justify this delay, the superior court should have dismissed his claim for injunctive relief.

■ Haynes urges us to apply *Rutter* retroactively so as to require the CFEC to reconsider his application for an entry permit despite his failure to appeal.[2] This we decline to do. We decide whether and to what extent to apply a new holding retroactively based on an *ad hoc* evaluation of the practical and equitable circumstances unique to each case. *Commercial Fisheries Entry Comm'n v. Byayuk*, 684 P.2d 114, 117 (Alaska 1984); *Sang Suh v. Pingo*, 736 P.2d 342 (1987). The practical and equitable circumstances surrounding *Rutter* do not justify a retroactive application.

In *Rutter*, 668 P.2d 1343, we invalidated a regulation promulgated by the CFEC because we believed it violated a former version of AS 16.43.250. That statute requires the CFEC to adopt regulations for ranking applicants for entry permits according to the hardship each applicant would suffer by exclusion from the fishery.

The statute directs the CFEC to evaluate hardship using two hardship standards, economic dependence and past participation in the fishery. Each hardship standard is defined by specific indicia.

At the time we decided *Rutter*, AS 16.-43.250(a)(1) described the economic dependence standard as follows: "degree of economic dependence upon the fishery, *including but not limited to* percentage of income derived from the fishery, reliance on alternative occupations, availability of alternative occupations, [and] investment in vessels and gear." (Emphasis added.) In *Rutter*, we determined that the indicia of economic dependence were mandatory rather than discretionary, and concluded that the CFEC had exceeded its statutory authority in omitting three of the four indicia from its regulation establishing a point system for the salmon hand troll fishery. 668 P.2d at 1349.

Almost immediately after we handed down the *Rutter* decision, the legislature began proceedings which culminated in the amendment of AS 16.43.250(a)(1) in 1985.[3] The amendment replaced the language "including but not limited to" with "including, when reasonable for the fishery." As amended, the statute clearly grants discretion to the CFEC to award points for economic dependence based on less than all four indicia, effectively overruling *Rutter*.

In light of the legislature's rejection of the *Rutter* rule, we cannot justify applying the decision retroactively. To do so would not only require the CFEC to reopen a

---

**2.** Haynes asserts that his procedural posture is analogous to that of the appellant in *Cashen v. State*, 686 P.2d 1219 (Alaska 1984), for whose benefit we retroactively applied *State, Commercial Fisheries Entry Comm'n v. Templeton*, 598 P.2d 77 (Alaska 1979). In *Templeton*, we invalidated the CFEC's policy of denying special circumstances points for economic dependence to persons who had fished as partners to gear license holders without holding gear licenses in their own names. Subsequently, in *Commercial Fisheries Entry Comm'n v. Byayuk*, 684 P.2d 114, 121 (Alaska 1984), we held that *Templeton* applied retroactively to persons who had filed timely applications for entry permits. Finally, in *Cashen*, we extended this retroactive application to certain persons who had not filed timely applications because they relied on the CFEC's erroneous partnership policy. Haynes argues

that he, like Cashen, neglected to appeal because he relied on the CFEC's misinterpretation of the law.

**3.** We issued the *Rutter* opinion on August 26, 1983, at a time when the legislature was not in session. The legislature next convened in mid-January, 1984. *See* 1984 Senate Journal 1721. A bill containing the amendment was introduced in the Senate on February 8, 1984. S.B. 422, 13th Leg., 2d Sess. (1984). Although that bill failed to pass because the House adjourned before final action could be taken, a nearly identical bill was introduced on January 22, 1985, and passed during that legislature. *See* 1984 House Journal 4268; S.B. 83, 14th Leg., 1st Sess. (1985); ch. 22, § 5, SLA 1985.

significant number of closed cases, but would also require it to develop a new set of regulations pursuant to an abandoned statute and to apply contradictory regulations simultaneously. The heavy burden such a rule would impose on the CFEC and the inevitable confusion it would introduce to the administrative process outweigh any benefit to be gained by a retroactive application.[4]

### B. *Haynes Lacks Standing to Seek Declaratory Relief*

▮ Haynes argues that he is entitled to declaratory relief even if injunctive relief is foreclosed to him, pursuant to our decision in *Owsichek*, 627 P.2d 616. In *Owsichek*, we held that a claim for declaratory relief may be brought by independent action rather than by administrative appeal, because it does not require the court to review an agency decision. *Id.* at 619. Thus, a litigant who is barred from appealing an agency decision may nevertheless be able to obtain a declaratory judgment invalidating a regulation under which the agency acted. However, even under *Owsichek*, declaratory relief is unavailable to Haynes because he lacks standing. In addition, declaratory relief is unavailable because Haynes' claim for such relief is moot.

In *Owsichek*, the Guide Licensing and Control Board denied a would-be hunting guide an exclusive use permit for the guide area of his choice. *Id.* at 618. Fifty-nine days later, the guide sued in superior court for damages and injunctive and declaratory relief. The superior court dismissed all three claims on the ground that the action was an untimely administrative appeal. *Id.* at 618–19. We reversed and remanded for further proceedings on all three claims.

We agreed that the guide's claims for damages and injunctive relief could only be brought in an administrative appeal, because they required review of the agency's decision. *Id.* at 619–20. However, we held that under the circumstances the superior court should have relaxed the thirty-day time limit of former Appellate Rule 45 and treated the action as a timely appeal. *Id.* at 622. As for the claim for declaratory relief, we held that that claim could be brought in an independent action at any time, even if the other claims were barred. We reasoned that an action for declaratory relief need not be treated as an appeal because it does not require the court to review the propriety of the agency's action. *Id.* at 619.

*Owsichek* did not alter common law or statutory standing requirements.[5] Although this court has adopted a liberal approach to standing, we have always insisted that a litigant must demonstrate "a sufficient 'personal stake' in the outcome of the controversy" to ensure the adversity which is fundamental to judicial proceedings. *Hoblit v. Commissioner of Natural Resources*, 678 P.2d 1337, 1340 (Alaska 1984). Similarly, AS 44.62.300 provides that "[a]n interested person" may sue for declaratory relief.

▮ Usually, a litigant demonstrates standing by showing an interest which is adversely affected by the conduct complained of. *Trustees for Alaska v. State, Dept. of Natural Resources*, 736 P.2d 324, 327 (Alaska 1987).[6] Haynes establishes no interest which is adversely affected by the existence of an invalid regulation regarding the issuance of entry permits.

---

4. The CFEC argues that the legislature's amendment of AS 16.43.250(a)(1) was a "clarifying" amendment which revealed the legislative intent underlying the original version of the statute, rather than a "curative" amendment that substantively changed the statute. We need not and do not reach this issue in this appeal, because we hold that Haynes has no valid claim for relief entitling him to a decision on the merits.

5. Standing was not a problem in *Owsichek*, because potential recovery of damages and injunc-

tive relief gave Owsichek a personal stake in the disposition of his claim for declaratory relief. However, as Chief Justice Rabinowitz pointed out in his concurring opinion, standing problems are likely to arise if a person who sues for declaratory relief is barred from obtaining any other remedy. 627 P.2d at 623.

6. The other type of standing, citizen-taxpayer standing, is not relevant to this case. 736 P.2d at 327–30.

Clearly, he has no interest as a potential recipient of an entry permit. Since he did not appeal the CFEC's denial of his application for a permit, and since we decline to apply *Rutter* retroactively so as to require the CFEC to reconsider his application, that denial became final. Even if he were successful in showing that 20 AAC 05.664 was invalid, he would be unable to use that holding to revive his application for a permit.

■ Nor does Haynes have an interest related to his current role as a crewmember. He suggests that, if he were successful in his declaratory relief action, "the result could very well be the issuance of fewer permits than the number presently in use. The issuance of fewer permits would logically result in less competition for the resource and an increase in the competitive advantage enjoyed by gear operators and crewmembers presently involved in the fishery." However, requiring the CFEC to award additional economic dependence points based on two criteria could only cause the CFEC to issue more, not fewer, permits. The result would be to decrease, not increase, crewmembers' competitive advantage.

We conclude that Haynes lacks standing to sue for declaratory relief, given that injunctive relief is foreclosed to him, and consequently that the superior court should have dismissed the claim.

■ The superior court should have dismissed Haynes' claim for declaratory relief for the additional reason that it is moot. Haynes argues that 20 AAC 05.664 was invalid because it was inconsistent with AS 16.43.250(a)(1) as it read prior to amendment in 1985. Haynes does not dispute that the regulation is consistent with the amended version of the statute. Since there is no longer a conflict between the regulation and the statute, Haynes' claim that the regulation is invalid is moot. *See Walker v. State*, 652 P.2d 88, 97 (Alaska 1982).

REVERSED and REMANDED with instructions that the superior court grant the CFEC's motion to dismiss.

MATTHEWS, Justice, joined by RABINOWITZ, Chief Justice, concurring.

The rationale of the majority opinion that Haynes lacks standing is questionable since the absence of standing seems to be predicated on the conclusion that Haynes has lost on the merits. However, I agree with the majority opinion that the claim for declaratory relief should have been dismissed on mootness grounds and that the claim for injunctive relief was untimely.