**Donald A. MORGAN, Appellant,**

v.

**DEPARTMENT OF REVENUE, STATE OF ALASKA, Appellee.**

No. S–3876.

Supreme Court of Alaska.

June 14, 1991.

Donald A. Morgan, Seward, pro se.

Elizabeth J. Kerttula, Asst. Atty. Gen., Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Chief Justice.

Donald Morgan never received his 1987 Permanent Fund Dividend. The parties dispute whether Morgan appealed to the Department of Revenue before appealing to the superior court. The superior court granted the Department of Revenue's motion to dismiss Morgan's appeal for failure to exhaust administrative remedies and for failure to file a timely appeal. This appeal followed. We reverse. A factual issue exists as to whether or not Morgan failed to exhaust his administrative remedies. We also conclude that the superior court erred in holding that Morgan's appeal to it was not timely filed.

I. FACTS AND PROCEEDINGS

Donald Morgan has been a prisoner of the State of Alaska for over a decade. In 1987, Morgan applied for a Permanent Fund Dividend while housed under contract with the State of Wyoming.[1] Denial of the dividend was dated March 2, 1988. Morgan claims that he appealed this denial.

---

1. In 1988, the legislature amended AS 43.23.005 to preclude an incarcerated felon from eligibility for a permanent fund dividend. Ch. 54, § 1, SLA 1988. We recently upheld the constitution-ality of this provision. *State v. Anthony*, 810 P.2d 155 (Alaska 1991). This provision was not in effect at the time of Morgan's application.

The Department of Revenue ("DOR") denies receiving Morgan's notice of appeal.

Morgan initiated an investigation into the status of his appeal. In November 1988, Morgan telephoned the Office of the Permanent Fund Dividend Division to inquire about his appeal and to inform DOR of his new in-state address. A DOR investigative officer told Morgan that he did not know the status of Morgan's appeal, but would get back to him after inquiring. Morgan received no word back.

On May 1, 1989, Morgan wrote DOR to inquire why he had not received his 1987 dividend check. He indicated that he had appealed, but had never received a response as to the status of his 1987 application. Morgan wrote, "Please respond specifically as to the status of both my 1987 and 1988 applications, in order that I may pursue the matter in the courts, if necessary."

On May 18, 1989, DOR wrote Morgan informing him that it never received his appeal and that the appeal time had expired. On May 24, 1989, Morgan wrote to DOR again; he reiterated that he had appealed the denial of his 1987 dividend application. He requested all pertinent information that DOR had in its files regarding his dividend.

On June 21, 1989, DOR wrote Morgan stating that no record of an appeal existed, that a denial letter was sent March 2, 1988, and that his appeal rights expired on May 2, 1988.[2] On June 29, 1989, Morgan wrote DOR stating that he sent his appeal to the Juneau office. He requested all documents received or sent relating to the 1987 dividend.

On July 6, 1989, DOR wrote Morgan stating that it never received a Request for Appeal and that Morgan's appeal rights had expired on February 19, 1989. It claimed to have enclosed copies of the information Morgan had requested. However, neither Morgan nor Dennis Ray Anthony, Morgan's personal representative, ever received the requested information.[3] On August 26, 1989, Anthony wrote DOR requesting all pertinent information; in his letter, Anthony claimed he had not received any reply to a similar request dated May 24, 1989.

On October 13, 1989, Anthony wrote the Commissioner of DOR requesting information relevant to Morgan's appeal. This letter mentioned that no reply had been received in response to the three previous letters requesting information. All previous correspondence between Anthony or Morgan and DOR had been with the Permanent Fund Division.

On November 20, 1989, Morgan filed notice of appeal in the superior court because he "[had] not received a timely response to his request for information from the Commissioner...." On December 6, 1989, DOR wrote Anthony and claimed that Morgan was provided copies of his file on July 6, 1989. It again stated that the file was enclosed, which Morgan disputes. In fact, the file was not enclosed as a telephone call to the Office of the Commissioner confirmed. On December 12, 1989, DOR apologized to Anthony for not including the enclosures initially and hoped it had not caused any inconvenience.

As previously mentioned, Morgan had filed his notice of appeal on November 20, 1989. DOR moved the superior court to dismiss Morgan's appeal because of his failure to exhaust administrative remedies and his failure to file a timely appeal. The superior court granted the motion.

---

**2.** In a July 6, 1989 letter, DOR stated that the June 21, 1989 response had informed Morgan that his appeal rights expired on February 19, 1989. The information in the July 6, 1989 correspondence is inconsistent with the earlier letter.

**3.** Morgan gave Anthony a power of attorney which DOR acknowledged on July 31, 1989.

## II. DID THE SUPERIOR COURT ABUSE ITS DISCRETION IN DISMISSING MORGAN'S APPEAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES? [4]

■ DOR argues that Morgan presented no evidence verifying that he filed an administrative appeal, other than his own arguments. DOR presents an affidavit attesting that it found no evidence that Morgan had appealed. Yet, conflicting evidence as to this point does exist. Correspondence between Morgan and DOR referred to his initial appeal. Given this factual dispute, it was error on the superior court's part to dismiss Morgan's appeal for his failure to exhaust his administrative remedies.[5] Before resolving the question of whether Morgan failed to exhaust his administrative remedies, it was incumbent upon the superior court to determine if Morgan had in fact initiated an administrative appeal. In the event it is found that Morgan did in fact appeal, this finding would resolve the exhaustion issue in Morgan's favor.

## III. DID THE SUPERIOR COURT ABUSE ITS DISCRETION IN DISMISSING MORGAN'S ADMINISTRATIVE APPEAL AS UNTIMELY FILED?

■ Morgan argues that, given the circumstances, his appeal was timely. After he learned that DOR had no record of his appeal, he immediately wrote to DOR requesting all its information relating to his appeal "in order that he (Morgan) could ascertain his exact position in the matter." Morgan claims it took four requests before he received the documentation. He claims that DOR's failure to provide the documentation caused any delay in filing the appeal.

DOR argues that even if the court views the evidence in the light most favorable to Morgan, Morgan knew on May 24, 1989, that his request for an appeal on his 1987 dividend had been denied. Assuming this was a "final determination," DOR argues that Morgan's appeal time ran thirty days later on June 30, 1989. 15 AAC 05.040; Alaska R.App.P. 602(a)(2). Morgan filed his appeal to the superior court on November 20, 1989. In answer to Morgan's claim that DOR caused any delay by failing to respond to his requests for information, DOR argues that Morgan "may have had most of his paperwork as early as July 6, 1989." DOR also argues, "Even if he did not have this information until later, Morgan was not foreclosed from filing an appeal just because he didn't have this information."

We think Morgan's argument is more persuasive. The agency's own rule, 15 AAC 05.040, allows thirty days after the date of the "final administrative decision" in which to file an appeal with the superior court.[6] In calculating time, DOR misinterprets what constitutes a "final administrative decision." Receiving a denial of one's

---

**4.** Both parties agree that the standard of review for all issues in this appeal is whether the superior court abused its discretion in dismissing the appeal. *See State, Dep't of Labor, Wage and Hour Div. v. University of Alaska,* 664 P.2d 575, 580–81 (Alaska 1983) (abuse of discretion standard applied to exhaustion of administrative remedies requirement); *see also Owsichek v. State, Guide Licensing and Control Bd.,* 627 P.2d 616, 623 (Alaska 1981) (Rabinowitz, C.J., concurring) (abuse of discretion standard applied to time limits imposed on administrative appeals). The supreme court will reverse a ruling for abuse of discretion only when left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling. *Betz v. Chena Hot Springs Group,* 742 P.2d 1346, 1348 (Alaska 1987).

**5.** The superior court should have taken Morgan's statements as true for purposes of resolving the motion to dismiss, just as a plaintiff's allegations must be viewed as true in determining a dismissal motion based on the failure to state a claim under Civil Rule 12(b). *See Croft by Croft v. Wicker,* 737 P.2d 789, 792 (Alaska 1987).

**6.** 15 AAC 05.040 reads in part,

APPEAL OF FINAL DECISION OF DEPARTMENT. A person who disagrees with and wishes to appeal the final administrative decision of the department must within 30 days after the date of the decision, file an appeal with the superior court in the judicial district in which the person resides.

We note that the relevant regulations changed slightly between the time Morgan was denied his 1987 dividend and the date the DOR claims Morgan knew his request for an administrative appeal had been denied. *See, e.g.,* 15 AAC 05.030(i). However, we find these changes immaterial to the case.

dividend cannot be a "final determination" under 15 AAC 05.040. Of particular significance is the fact that the applicable regulation provides that a determination at the formal hearing level, not even a decision of the appeals officer at an informal conference, is the final administrative decision.

> After the record is closed, the hearing officer shall issue a written decision containing the hearing officer's findings of fact and conclusions of law. Upon adoption by the commissioner, the written decision of the hearing officer is the final administrative decision of the department for purposes of appeal to the superior court under AS 43.05.240 and 15 AAC 05.040, unless a motion for reconsideration is filed under 15 AAC 05.035.

15 AAC 05.030(i). *See also* 15 AAC 05.-020(c). Therefore, it is only after administrative remedies are exhausted, in the normal course of events, that timeliness of the appeal to the superior court becomes an issue. However, when the administrative remedy approach has become futile, and no final administrative decision will materialize, timeliness must be calculated differently.

Furthermore, the information Morgan received never indicated that the question of whether or not he appealed was finally determined. This court has stated,

> Where an agency's determination of a case is expressed otherwise than in a formal order, the "finality" of such informal expressions, for purposes of judicial review, depends, it seems, upon what characterization best serves the equities of the case. A letter or other informal expression, if it is apparently intended to stand as a determination of a pending matter, may sometimes be considered a final order if the party seeking the appeal treats it as such. *But if the party receiving such informal advice from an agency does not realize that it is intended as a definitive order, and delays filing an appeal until (after the expiration of the normal period for seeking review) he is later apprised of its in-*

*tended significance, it is held that the appeal should not be dismissed as being filed too late.*

*Owsichek v. State, Guide Licensing and Control Bd.*, 627 P.2d 616, 622 (Alaska 1981) (quoting 2 F. Cooper, *State Administrative Law* 592–93 (1965) (emphasis added)).[7]

We conclude that it was an abuse of discretion for the superior court to hold Morgan's appeal untimely. He received no final order resolving whether he had filed his appeal. On November 20, 1989, Morgan filed his notice of appeal in superior court, slightly more than thirty days from when Anthony wrote the Commissioner. Giving the Commissioner some time to respond to the letter, Morgan then appealed to the superior court within a reasonable time, considering that DOR never authored a definitive letter constituting a final adjudication. Assuming Morgan challenged the initial denial of his dividend, Morgan filed suit in superior court when he exhausted what he reasonably could have believed were his remedies within DOR. He did this almost immediately, once he thought his "requests to the Department for documentation were being ignored."

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

**7.** This court also said,

> We believe that Owsichek has sufficiently established that enforcement of the thirty-day rule would result in surprise and injustice to him. The letter he received from the Guide Board did not indicate that it was an order, or that it was the final order of the board, or that Owsichek had only thirty days within which to appeal from the order. *Owsichek*, 627 P.2d at 622.