STATE of Alaska, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, Appellant,

v.

FAIRBANKS NORTH STAR BOROUGH, Appellee.

No. S–7122.

Supreme Court of Alaska.

April 25, 1997.

M. Leone Hatch, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Ardith Lynch, Borough Attorney, Fairbanks, for Appellee.

Lance C. Parrish and James A. Parrish, Parrish Law Office, APC, Fairbanks, for Amicus Curiae Bentley Family Charitable Trust.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

FABE, Justice.

## I. INTRODUCTION

This appeal raises the issue of whether the State of Alaska, Department of Transportation and Public Facilities (State), was required to exhaust its administrative remedies before filing a declaratory judgment action challenging the validity of an ordinance adopted by the Fairbanks North Star Borough (Borough). Because we conclude that the doctrine of exhaustion of administrative remedies does not apply to the State's claims, we reverse the superior court's decision that the State must seek administrative review in this action.

## II. FACTS AND PROCEEDINGS

In 1991, the Borough adopted an ordinance that provided in relevant part:

In addition to all other requirements levied by this title, for all acquisitions of real property resulting from the exercise of the power of eminent domain by the United States, the State of Alaska, the Fairbanks North Star Borough, the City of Fairbanks, or the City of North Pole, any right-of-way created or modified by the exercise of the power of eminent domain shall be located more than fifteen feet from any building.... This section shall not apply in a case where the owner of the real property taken in eminent domain waives in writing the requirements of this section.

Fairbanks North Star Borough Code of Ordinances (FNSBCO) 17.100.035 (1993) (Setback Ordinance).[1]

In August 1994, the State filed a complaint in superior court seeking a declaratory judg-

ment that the Setback Ordinance is invalid. The complaint alleged that the ordinance

will either force the state to provide higher compensation than just under state law to obtain a landowner's waiver, or to condemn more property than necessary to acquire buildings within 15 feet of a new right-of-way boundary if a waiver cannot be obtained, or move and/or destroy structures which would otherwise not be impacted if a landowner refuses to provide a written waiver or abandon otherwise viable and worthy public projects.

The State also alleged that it "has several planned public works projects within the North Star Borough including the Old Steese project and the Collage [sic] Road widening project to which [the setback ordinance] will apply."

■■■ On the Borough's motion for summary judgment, the superior court held that the State must exhaust its administrative remedies before bringing an action challenging the Setback Ordinance. The court noted that the Fairbanks North Star Borough Planning Commission (Planning Commission) had conditioned approval of two of the variances requested by the State in connection with the Old Steese Highway reconstruction project on the State's conformance to the requirements of the Setback Ordinance. The court ruled that the State must first appeal the Planning Commission's conditional approval of the variances to the Borough Assembly or the proper city council before it could file its declaratory action.[2] The court denied a motion by the State for reconsideration, and the State appeals.

## III. DISCUSSION[3]

■■■ In applying the doctrine of exhaustion of remedies, a "court must decide the

1. The ordinance specified that it applied in all zones except light commercial, general commercial, light industrial, and heavy industrial, and the central business district. FNSBCO 17.100.035.

2. The Borough Assembly hears appeals from decisions involving land located outside of any city incorporated in the Borough, while the appropriate city council hears appeals from decisions

involving land within a city. FNSBCO 18.52.030.

3. The superior court has discretion to dismiss an action over which it has jurisdiction when the plaintiff improperly fails to exhaust its administrative remedies. Standard Alaska Prod. Co. v. State, Dep't of Revenue, 773 P.2d 201, 206 (Alaska 1989). However, the court's determination whether the doctrine of exhaustion of administrative remedies applies to a particular action is

following: (1) is exhaustion of remedies required; (2) did the complainant exhaust those remedies; and (3) is the failure to exhaust remedies excused?" *Eufemio v. Kodiak Island Hosp.*, 837 P.2d 95, 98–99 (Alaska 1992). The first part of this test requires the court to characterize the claim at issue. *See Moore v. State, Dep't of Transp. & Pub. Facilities*, 875 P.2d 765, 767 (Alaska 1994). If "a procedural challenge to agency decisionmaking has simply been dressed in constitutional clothing," or if the action is "an attempt to substitute a damage claim in tort for an unperfected administrative remedy," the complainant must first exhaust administrative remedies. *Id.* at 767; *see also Standard Alaska Prod. Co. v. State, Dep't of Revenue*, 773 P.2d 201, 207–08 (Alaska 1989) (holding that plaintiff challenging agency amendment of tax assessment on statutory and constitutional grounds must first exhaust administrative remedies). On the other hand, if the claim does not challenge any particular decision by an agency and instead calls upon the superior court to review only the validity of a statute, exhaustion of administrative remedies is not required. *Moore*, 875 P.2d at 768.

The resolution of this case thus depends upon the proper characterization of the State's action. The Borough argues that this action is essentially an appeal from the Planning Commission's decision to condition its approval of two variances requested by the State on the State's conformance with the Setback Ordinance. The State contends that it seeks a ruling that the Setback Ordinance is invalid, not a review of the Planning Commission's decision.

We addressed a similar issue in *Owsichek v. State, Guide Licensing & Control Board*, 627 P.2d 616 (Alaska 1981). In that case, the Guide Licensing and Control Board partially denied the plaintiff's application for an exclusive use guide area permit. *Id.* at 617. The plaintiff then filed a complaint in superior court setting forth "three separate claims: one for declaratory relief, another for injunctive relief, and a third for damages." *Id.* at 619. The superior court "treat[ed] his com-

plaint as an appeal from the Guide Board's decision rather than as an independent action" and dismissed the action as an untimely administrative appeal. *Id.* at 619. We upheld the superior court's ruling that the claims for injunctive relief and damages were properly treated as appeals, but reversed on the declaratory action. *Id.* at 619–20. Stating that the latter action "require[d] the superior court to review only the statute and regulations and not the Guide Board's decision," we held that the declaratory action was properly characterized as a timely independent action rather than an appeal from an administrative decision. *Id.* at 619.

We applied this reasoning to the doctrine of exhaustion of administrative remedies in *Moore v. State, Department of Transportation*, 875 P.2d 765, 768 (Alaska 1994). In *Moore*, the State decided to replace state employees responsible for the maintenance of an airport with a private firm. *Id.* at 766. The complainant, a state employee who lost his job because of that decision, filed a declaratory action in superior court alleging that the State's "elimination of his job in favor of a private contract for the same services violated" the Alaska Constitution. *Id.* at 767. The State argued that because the complainant's "state employment was subject to a collective bargaining agreement that prescribed a union grievance procedure as the exclusive means of resolving disputes over dismissal, demotion, and suspension ... [he] was obliged to pursue this contractual remedy instead of filing an action for declaratory relief." *Id.* We rejected the State's argument, stating that because "Moore's request for declaratory relief called upon the superior court to review only the scope of the Alaska Constitution's merit system language, it cannot fairly be characterized as being merely a challenge to [the State's] decision to terminate his employment." *Id.* at 768 (citing *Owsichek*, 627 P.2d at 619). We concluded that "[u]nder these circumstances, exhaustion of administrative remedies was not required." *Id.*

▮ In light of our decisions in *Moore* and *Owsichek*, we hold that only actions chal-

---

lenging administrative decisions give rise to the requirement that complainants exhaust their administrative remedies. If the complaint does not allege any error in an administrative action, the doctrine does not apply. In this case, the State's complaint alleges only that the Setback Ordinance exceeds the Borough's statutory authority and is therefore invalid. The complaint does not even mention the Planning Commission's partial approval of the variances, much less challenge that decision. Nor does the State's claim raise any factual issues concerning the Planning Commission's application of the ordinance. As in *Owsichek*, the State's request for declaratory relief requires the superior court to consider only the relevant statutes and regulations. We conclude therefore that the State's action is properly characterized as an independent action, not an appeal from an administrative decision, and that there is no requirement that the State exhaust its administrative remedies prior to seeking declaratory relief.

This conclusion is reinforced by two lines of authority. First, an examination of the doctrine's purpose demonstrates why it is inappropriate in this case. We have stated that the "basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Ben Lomond, Inc. v. Municipality of Anchorage*, 761 P.2d 119, 121–22 (Alaska 1988) (quoting *Van Hyning v. University of Alaska*, 621 P.2d 1354, 1355–56 (Alaska), *cert. denied*, 454 U.S. 958, 102 S.Ct. 495, 70 L.Ed.2d 373 (1981)). Because resolution of the State's claim does not require a factual record, call upon agency expertise, or allege administrative error, the purpose of the doctrine would not be served by requiring the State to exhaust administrative remedies.

Second, we held in *Carter v. Alaska Public Employees Ass'n*, 663 P.2d 916, 922 n. 19 (Alaska 1983) that the "doctrine is not applicable where the remedy sought is judicial rather than administrative." In this case, the State seeks a ruling that the Setback Ordinance is invalid. Even if the State had successfully appealed the conditional approval of the two variances, the conflict at issue in this lawsuit between the Setback Ordinance and the State's power of eminent domain would remain unresolved. On the other hand, a ruling by the court that the Setback Ordinance is invalid would moot any dispute over the Planning Commission's conditional approval. Therefore, the State's complaint calls for a judicial rather than administrative resolution. *Cf. Standard Alaska Prod. Co. v. State, Dep't of Revenue*, 773 P.2d 201, 207–08 (Alaska 1989) (stating that administrative review is appropriate where "(1) a ruling on the legal issues will not necessarily be dispositive of the whole controversy, and (2) an administrative ruling on the factual issues may moot the legal issues").

## IV. CONCLUSION

For the above reasons, we hold that the doctrine of exhaustion of administrative remedies does not apply to the State's declaratory judgment action challenging the validity of the Setback Ordinance.[4] The superior court erred in ruling that the State must seek administrative review before filing this action.[5] Therefore, we REVERSE the superior court's grant of summary judgment and REMAND this case for further proceedings consistent with this opinion.

---

4. We decline to consider arguments raised only by amicus curiae, the Bentley Family Charitable Trust, that the State failed to join indispensable or necessary parties and that the State seeks an advisory opinion by the court. *Hootch v. Alaska State–Operated Sch. Sys.*, 536 P.2d 793, 809 n. 62 (Alaska 1975) ("It is well settled that courts will not consider issues raised by amici curiae which are not raised by the parties.").

5. The trial court had discretion under AS 22.10.020 to grant or refuse declaratory relief. *Jefferson v. Asplund*, 458 P.2d 995, 997 (Alaska 1969). However, because the trial court did not reach the merits of the State's complaint, it did not decide whether to exercise this discretion.